## HERSHY V. ROGERS.

1.  PRACTICE IN SUPREME COURT: *Agreed statements.*
    Parties cannot substitute in this court agreed statements for the transcript from the
    circuit court. They must stand by the record as it exists there.

2.  JUDGMENT LIEN: *Duration: Revivor.*
    The lien of a judgment upon real estate continues for three years from the rendition of the judgment, subject to be revived by *scire facias* and judgment thereon. If the *scire facias* issues in the life of the lien the judgment of revivor continues the lien only for three years from the issuance of the writ, though the judgment be rendered more than three years afterward.

APPEAL from *Sebastian* Circuit Court in Chancery.

Hon. R. B. RUTHERFORD, Circuit Judge.

*U. M. & G. B. Rose,* for Appellant.

At the time the judgment was rendered againt Latham, he was the owner of the property. Within three years, and while the lien was still in force, a *scire facias* was sued out, and upon it was entered a judgment of revivor, *relating back to the date of the writ.*

In proceedings to revive, no notice is required to any one except the defendant. Against a proceeding to revive, and especially pending such a proceeding, the statute of limitation will not run. *10 Ark., 533; 11 Id., 480; 17 Id., 131; 23 Ark., 172.* The failure of the clerk to index judgment could not prejudice Hershy's rights. *43 Ark., 145.*

Appellee was a co-tenant, and he could gain nothing by lapse of time, except upon distinct notice of adverse holding. *42 Ark., 289.*

*Sanders & Husbands* also for Appellant.

Appellee's possession was entirely consistent with appellant's rights. He and Latham were co-tenants, and the statute did not run. *Angell on Lim., 458–9, 464.*

It takes as strong possession to bar a co-tenant as to bar the rights between mortgagor and mortgagee. *43 Ark., 469.*

The facts stated in the complaint are not sufficient to give equity jurisdiction to enjoin. *High on Inj., Secs. 567 et seq.; Ib., 372, 378; 37 Ark., 643.*

As to the insufficiency of the facts as to the character of possession not being *actual*, see *Wash. R. P., Vol. 3, pp. 123–4; 27 Ark., 92; 24 Id., 392; 30 Id., 654; 17 Id., 228; 26 Id., 24; 35 Id., 479.*

*Collins & Balch* for Appellee.

The appellant's claim is barred. The property was adversely held against the world, and if appellant has any right to proceed against it now, he had this right as far back as 1868. *8 Ark., 101; 61 Mo., 195.* If Latham ever had any interest subject to the appellant's judgment, the lien has long since run out. The most that can be claimed is that the lien continued three years from March 15, 1871. The writ was sued out before the lien expired, and under the statute continued the lien for another three years. *Mans. Dig., Sec. 3922.*

The judgment of revivor could not relate back so as to keep the lien alive for ten years. This would give the writ an effect greater than the judgment. A party must prosecute his *sci. fa.* to judgment within three years, or his right will be lost.

There is no evidence of any holding by appellee as co-tenant.

19——45

The judgment was not indexed. Appellant's remedy is against the clerk. *Mansf. Dig., 3952; 15 Ark., 555; Freeman on Judg., Secs. 343 to 347.*

1. Practice in supreme court. Agreed statement.

COCKRILL, C. J. The record in this case is somewhat confused, and it is difficult for us to determine what state of facts the chancellor had before him on the hearing of the cause. Counsel seem to have apprehended this, and have offered for our consideration an agreement upon facts entered into pending the appeal here. We have steadily refused to allow records to be altered by agreement in this court. To sanction a different practice would permit cases to be made up here that were not presented or tried in the lower courts. Parties must stand by the record as it exists in the trial court.

It appears that the appellant was the assignee of a judgment rendered against one Latham; that Latham, at the time of the rendition of the judgment, was the owner of a one-sixth interest in a number of lots in the town of Fort Smith, which he had acquired by purchase from Wood B. Rogers, who was one of the six heirs of John Rogers, deceased. The appellant caused execution to issue on his judgment and had it levied on the Latham lots. The appellee instituted suit to restrain the execution sale as to the lots described in his complaint. He alleged that he was the owner of a part, by virtue of a deed from John Rogers in his lifetime, which had been destroyed by fire, and that his title to the other was by deed from one of the executors and the heirs of John Rogers. He alleged that the appellant's judgment was not a lien on the lands, but that a sale under the execution would cloud his title and greatly depreciate the value of his property.

An agreed statement of facts, entered of record in the court below, and considered by the court on the hearing, is itself indefinite as to the extent of the admission of the appellee's title.

Hershy v. Rogers.

It was doubtless understood by the chancellor to make no question upon this point, but to admit the title. In order to invoke the aid of the chancery court to protect his interest by injunction, it was necessary for the appellee to show an interest to be protected. It would be a vain thing for the court to offer this protection where it would avail nothing. The contest in the lower court seems to have been over the lien of the appellant's judgment, and the right to satisfaction out of the appellee's lands, notwithstanding his title.

As to the east half of lots 10 and 12, in block 49, the complaint alleges that the appellee purchased them from John Rogers, the ancestor of W. B. Rogers, in 1859. The agreed statement of facts in the trial court, admits that he entered into possession at that date, and has ever since maintained it adverse to all claimants. This being true, the appellee had title by limitation before W. B. Rogers conveyed to Latham, and as Latham took nothing by the conveyance, he had no interest for the lien of the judgment to attach to.

The appellee's title to the other lands in controversy is not so clear. The title deeds from the executor and the several heirs of John Rogers, referred to as exhibits to the complaint, are not in the record. Presumably they were not filed or offered for the court's consideration. But as the allegations of the complaint, that the appellee had purchased from the executor and heirs, were not specifically denied in the answer, and the agreed statement of facts admits that he had been in possession since the date of his purchase, the chancellor was warranted in finding that the appellee's title was not controverted. But this title was acquired subsequent to the conveyance by W. B. Rogers to Latham, and after the judgment against Latham was rendered. This brings us to the main question—is the judgment a lien on these lands?

The judgment was rendered in 1868. In 1871, before the lien had expired, a *scire facias* to revive it was sued out and

2. JUDGMENT LIEN: Duration: Revivor.

shortly afterwards served on Latham. · No further step was taken in the matter until 1880, when a judgment of revivor was entered by consent of the parties to the original judgment. It recites that Latham had been adjudged a bankrupt in 1868, by the United States district court for the western district of Arkansas, and had been regularly discharged from personal liability on the judgment; and that the only object of the revivor was to extend and continue the lien as it existed at the date of his adjudication as a bankrupt. It is contended for the appellant that the effect of the judgment of revivor was to continue the lien of the judgment from the date the *scire facias* issued in 1871, to a day in the year 1883, or three years after the rendition of the judgment. The execution issued and was levied in 1882.

The lien of a judgment upon real estate commences upon the day of the rendition of the judgment, and continues for three years, subject to be further continued or revived by suing out a *scire facias* and taking judgment for that purpose. *Mans. Rev. St., Sec. 3918.* This judgment of revivor continues the lien for another period of three years. *Ib. 3925.* The lien is a creature of the statute purely, and the period of its duration is limited to three years, and in the absence of legislative action, nothing short of judicial legislation can extend it beyond the bounds thus assigned to it. It is true, *Sec. 3926, Mans. Rev. St.,* provides that "if a *scire facias* be sued out before the termination of the lien of any judgment or decree, the lien of the judgment revived shall have relation to the day on which the *scire facias* issued;" but no intention to extend the bounds of the lien beyond three years can be gathered from this. Its plain meaning is only to fix the date from which the three years shall begin to run. This is made still more obvious by the latter part of the same section, where it provides that if the lien of the judgment shall have expired before suing out the *scire facias*, the judgment of revival shall be a lien

only from the time of the rendition of such judgment. Here a different time for the commencement of the lien is fixed. It would be a strange inconsistency to hold that the act of the clerk in issuing the writ extends the lien of the judgment indefinitely, when the formal judgment of the court can extend it for three years only. The statute will not admit of the construction that it was the design of the legislature to give an effect to the act of the clerk which they refuse to tolerate with respect to a judgment. It is the judgment of the court that continues or revives the lien and not the suing out the writ. The writ only brings the judgment debtor into court, apprises him of the nature of the proceedings against him, and, when sued out in the lifetime of the judgment lien, fixes the date from which the court starts the new period of duration.

It was the evident intent of the judgment of revivor in this case to give the lien of the judgment revived relation to a date within three years of the rendition of the judgment. More than this, the court in its judgment of revivor did not attempt. It may be that this did not accomplish what the parties to the judgment designed, but the rights of purchasers are not to be injuriously affected for that reason. The appellant's judgment was not a lien on the appellee's lands at the time of his application to enjoin the execution sale, and there is no error in the decree.

Affirm.