COMO D. MASSEY, *Appellant*, v. PINEAPPLE ORANGE COMPANY, A CORPORATION, *Appellee*.

Opinion Filed April 5, 1924.

This case was Decided by Division A.

1. A proceeding by *scire facias* to revive a judgment is not an original proceeding but a continuation of the former action.

2. The lien of a judgment or decree upon the lands of a judgment debt or in the county where the judgment was rendered and in other counties exists by virtue of the statute and an execution may issue upon the judgment any time within three years after its rendition and may be renewed from time to time for twenty years upon the return to the clerk's office of the original execution.

3. The lien of a judgment is not lost in this State by mere delay to sue out an execution but if execution is not sued out within three years the lien of the judgment becomes dormant.

4. *Scire facias* is the correct proceeding for the revival of a judgment which has become dormant; but the effect of the judgment in *scire facias* does not prolong the lien of the original judgment beyond the time prescribed by statute.

5. A judgment creditor has no *jus* in *re* in the land of the judgment debtor but a mere power to make the general lien of the judgment effectual by following up the steps of the law and consummating his judgment by an execution and levy on the land.

6. One who purchases lands from a person against whom a money judgment or decree has been entered at a time when the judgment is dormant takes the land subject to the judgment lien upon its revival by *scire facias*. Quere: But in such proceedings the purchaser is a necessary party.

An Appeal from the Circuit Court for Marion County; W. S. Bullock, Judge.

Order affirmed.

*T. S Trantham* and *S. T. Sistrunk,* for Appellant;

*H. M. Hampton,* for Appellee.

ELLIS, J.—This is an appeal from an order overruling a demurrer to a bill in chancery seeking to restrain the enforcement of an execution issued upon a deficiency decree and sought to be enforced by the sale of real estate of the judgment debtor more than twenty years after the date of the judgment and its record in Marion County.

The Pineapple Orange Company acquired on May 3,

1909, certain lands in Marion, County from Charles W. White. In July 1902 The Travelers' Insurance Company in Hillsborough County obtained a deficiency decree against White. That decree was recorded in Marion County on August 2, 1902, and from that time became a lien upon the real estate of White owned by him in that County.

Afterwards the judgment or decree was assigned to Como D. Massey. No execution was issued upon the judgment until February 11, 1921, when one was issued in certain proceedings brought by Massey in Hillsborough County for the revival of the judgment or decree and the issuing of an execution thereon. The execution directed by the court in such proceedings to be issued upon the decree was placed in the hands of the sheriff of Marion County who was directed to levy, and did levy, upon the lands described and intended to sell the same on the sales day in February, 1923.

The decree or judgment was obtained July 16, 1902. It was recorded in Marion County August 2, 1902. On February 11, 1921, execution was directed to be issued upon the decree as the result of proceedings in *scire facias* instituted in Hillsborough County. The Sheriff of Marion County intended to sell the lands under the execution in February, 1923.

The bill to restrain the sale was filed December 27, 1922. The execution was levied upon the lands a few days before, or about twenty years and five months after the date of the judgment and its record in Marion County.

The appellee contends that the judgment having expired by limitation of time before the execution was levied the lien was lost and the property being free of the lien of the judgment a sale under the execution would be void but would subject the complainant, who is the appellee, to

inconvenience and expense and create a cloud upon his title.

The appellant contends that the proceeding in *scire facias,* culminating in the issue of the execution on February 11, 1921, operated to revive the judgment and gave life to the execution so issued for twenty years from its issuance.

Section 2817 Revised General Statutes provides as follows: "Right to, and life of executions.—The plaintiff shall be entitled to his execution at any time within three years after the rendition of any judgment or decree, and upon the issuance of his execution, shall be entitled to renew the same upon the return to the clerk's office of the original execution, from time to time for twenty years, unless the same be sooner satisfied."

An execution is a remedy, not an action, and no action is necessary to obtain it except when a judgment becomes dormant, then, so far as the proceeding by *scire facias* is an action, the judgment may be revived so that execution under the statute may issue thereon. The proceeding is not original but a continuation of the former action. See Black on Judgments 732-738; 10 R. C. L. 1217; 2 Freeman on Judgments 620-623.

The lien of a judgment or decree upon lands of the judgment debtor in the county where the judgment was rendered and in other counties exists by virtue of the statutes of the State. In the county where the judgment is rendered the lien attaches when the judgment is entered in the Circuit Court and in other counties from the time a certified transcript of the judgment or decree shall have been recorded in such county. Sections 2802-2803, Revised General Statutes.

The statutes of limitations provides that action upon a judgment or decree of a court of record in this State can

only be commenced within twenty years.  Section 2939 Revised General Statutes.

In the case at bar no question is raised as to the rights of the judgment creditor to revive his judgment because the proceeding necessary to such end was taken before the expiration of twenty.  It does appear, however, that the judgment had become dormant, because no execution had issued thereon, when the complainant, Pineapple Orange Company, acquired the land in Marion County from C. W. White, one of the judgment debtors, which was in 1909 and in such proceeding for the revival of the judgment the Pineapple Orange Company which was seized and possessed of a fee simple title to the lands was not made a party.  It also appears that the judgment in the *scire facias* proceeding was not recorded in Marion County within twenty years from the date of the original judgment.

In Mosely v. Edwards, 2 Fla. 429, it was held that the lien of judgment was not lost by mere delay to sue out execution.

And in Howe v. Robinson, 20 Fla. 352, it was held that the lien of a judgment in this State is regulated by statute and that it is not lost because an execution could not issue upon judgment without a *scire facias*.  It was also held that property levied upon and sold under a junior judgment is still subject to the lien of an older judgment and the circumstance of not proceeding upon the older judgment until a subsequent lien has been obtained and carried into execution will not displace the prior lien.  See also Watson v. Jones, 41 Fla. 241, (text 260) 25 South. Rep. 678.

At common law if the judgment creditor suffered his judgment to lie for a year and a day without suing out an execution he could not do so afterward but was put to his action of debt upon the judgment.  This inconvenience

was remedied by the Statute Westminster 2 (13 Ed. 1) C. 45, which gave the plaintiff a *scire facias* in such case to revive the judgment and obtain execution thereon.

Our statute has extended the time to three years. Section 2817, Revised General Statutes. "The general rule here, therefore, is that if the plaintiff does not sue out his execution within the time of three years after the rendition of his judgment, he must, in order to obtain the fruits thereof, adopt either his common law remedy, of an action upon the judgment, or a *scire facias* under the statute." See Jordan v. Petty *et al,* 5 Fla. 326.

The proper judgment in *scire facias* to revive a judgment is that the plaintiff have execution for the judgment mentioned and costs. See Brown v. Harley, 2 Fla. 159. Judge Lancaster, speaking for the Court, said: "This is a case of *scire facias* to revive a judgment and is not an original but a judicial writ, founded on some matter of record, to enforce execution of it, and properly speaking is only the continuation of an action. A step leading to the execution of a judgment already obtained and enforcing the original demand for which the action was brought. It creates nothing new, but may be said to reanimate that which before had existence, but whose vital powers and faculties are as it were suspended, and without its salutary interference would be lost. 2 Sellon's Prac. 187-8."

This language is in accordance with the view entertained by other courts and text writers that the revival of a judgment by *scire facias* will not prolong the lien beyond the time prescribed by statute. See 2 Freeman on judgments Sec. 392; Denegre v. Haun *et al.*, 13 Iowa 240 Mower and wife v. Kip, 6 Paige's Ch. (N. Y.) 88; Whiting & Slark v. Beebe *et al.* 12 Ark. 421, (text 577); Miner v. Wallace, 10 Ohio 404; Hershy v. Rogers, 45 Ark. 304; Ashton v. Slater, 19 Minn. 347.

A general lien by judgment on land only confers a right to levy on the same to the exclusion of other adverse interests subsequent to the judgment. A judgment creditor has no *jus in re,* but a mere power to make his general lien effectual by following up the steps of the law and consummating his judgment by an execution and levy on the land. See Conrad v. The Atlantic Ins. Co. of New York, 1 Pet. (N. Y.) 386-442.

A judgment lien is nothing more than a statutory lien. The lien of the judgment exists by virtue of the statute. The right to an execution is the right to an enforcement of the judgment lien. At common law the right existed for a year and a day, after which the judgment, which was not a lien, became dormant. The right to an execution as of course ceased, because if within a year and a day the judgment creditor did not seek to enforce his judgment the presumption arose that it was satisfied. Our Statute extended the time within which an execution may issue upon a judgment as of course to three years; after which time it becomes dormant if no execution is taken out.

One who purchases lands from a person against whom a money judgment or decree has been entered at a time when the judgment is dormant, takes the land subject to the judgment lien upon its revival by *scire facias* and in such proceeding, according to what seems the better reasoning, he is a necessary party, especially in cases where the judgment debtor is dead. 1 Black on Judgments 489; 2 Freeman on Judgments 443; Robertson v. Coates, 65 Tex. 37.

If a judgment debtor died before the judgment creditor's right to an execution as of course expired *scire facias* was resorted to in order to obtain an execution, and the legal representatives or heirs were made parties under the

common law rule.   See 15 Stand. Ency. Proc. 767; 16 Stand Ency. Proc. 508.

We are of the opinion that the proceedings in *scire facias* did not prolong the lien of the judgment beyond the period of twenty years from its rendition, and as it was not levied upon the land until the expiration of that time it did not affect nor bind the interest of the purchaser from the judgment debtor.   If it had been levied within such time an additional question would be presented as to the failure to make the purchaser a party in the *scire facias* proceedings.

The order of the Chancellor overruling the demurrer to the bill is therefore affirmed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.