On November 15, 1915, a judgment was entered in the Circuit Court of Madison County against appellant and others as defendants in favor of Jos. Rosenheim Shoe Company, a corporation of Georgia. Within the three years allowed by statute, the said company obtained an execution on said judgment and placed the same in the hands of the sheriff. It does not appear that a return was ever made on said writ of execution; or that the writ was ever returned to, and filed in, the clerk's office; but it appears that if returned to the clerk's office, the writ has since been destroyed or lost. About 14 years after its entry, the judgment upon which the execution was based was assigned by the said company to H. C. Merryday, who forthwith, on January 28, 1928, obtained an alias execution in his name from the clerk for the purpose of making a levy upon the property of appellant.
The appellant contends that in the absence of any record of a return to and filing in the clerk's office of the first *Page 1488 
execution issued in 1915, the clerk was without authority to issue the second execution to H. C. Merryday without an order of the court; that there has been no revival of the execution in the name of Merryday or of the original plaintiff and that Merryday is not lawfully entitled to an alias execution upon said judgment and that therefore any levy made under it would be unlawful, if not void.
Upon the filing of a petition for injunction by appellant, the lower court issued a temporary injunction restraining the sheriff and Merryday from undertaking to levy said alias execution. A demurrer interposed to the bill by appellees was overruled and upon a sworn answer being filed, a final hearing was had upon petition and answer. A final decree was entered, the effect of which was to refuse to enjoin the sheriff and Merryday from proceeding to make a levy under the last execution issued. The final decree dismissed the petition, and at the same time enjoined any levy under the "first execution" which injunction had not been asked for in the petition. From this decree, appeal was taken and the only error assigned is based upon the said decree dismissing the petition.
The first question presented is whether the alias execution issued to Merryday was invalid by reason of its having been issued without an affirmative showing that the sheriff had returned the original execution to the clerk's office.
Section 4504 (2817), Compiled General Laws of Florida, 1927, reads as follows:
 "The plaintiff shall be entitled to his execution at any time within three years after the rendition of any judgment or decree, and upon the issuance of his execution, shall be entitled to renew the same upon the return to the clerk's office of the original execution, from time to time for twenty years, unless the same be sooner satisfied." *Page 1489 
Section 4507 (2820), Compiled General Laws of Florida, 1927, reads as follows:
 "All writs of fieri facias shall be made returnable when satisfied, and the officer to whom the same shall come shall proceed to collect the amount thereof by the next succeeding term of the court after the receipt of such execution if the same can be done consistently with law; and shall, on the first day of every succeeding term of the court after the receipt of the execution, make a return of his doings thereon in a book to be kept in the records of the court issuing the same, and all receipts shall be endorsed on the execution."
There is no record presented here, indicating that the sheriff ever returned the execution to the clerk, or made "a return of his doings thereon" to the court at any succeeding term. Under the above statutes after an execution, or fierifacias, has been once issued "within three years after the rendition of the judgment," the sheriff is not required to return such writ to the clerk's office unless it is desired "to renew the same," or unless the same is satisfied. Mercer v. Hooker, 5 Fla. 277.
A plaintiff however has the right to require the writ of execution to be returned into the clerk's office at any time. McLeod v. Ward, 9 Fla. 18. When an execution is duly taken out under Section 4504, and it is not executed, a plaintiff may sue out, without a scire facias order from the court, a new writ of execution at any time within the life of the judgment (20 years) "provided the first writ be returned and filed." See Jordan v. Petty, 5 Fla. 326.
This Court has said that a scire facias to revive a judgment and execution "creates nothing anew, but may be said to reanimate that which before had existence, but whose vital powers and faculties are, as it were, suspended, and *Page 1490 
without its salutary interference would be lost." Brown v. Harley, 2 Fla. 159, 165. See also Moseley v. Edwards, 2 Fla. 429; and Barrow v. Bailey, 5 Fla. 9.
It cannot be presumed that the original writ was ever returned and filed in the clerk's office, in the absence of the writ itself, or proper proof of its return. In fact, it seems to be conceded in this case that it was lost or destroyed and that no record exists of any return therefor being made.
After an execution has been once issued within the three years after the entry of judgment and placed in the hands of the sheriff, the plaintiff is entitled to renew the same only "upon a return to the clerk's office of the original execution." Section 4504, Compiled General Laws of Florida, 1927.
 "An alias or pluries (execution) may usually be issued as of course, without leave of the court, but there are circumstances in which it is first necessary to obtain such leave. An alias or pluries
writ is proper — 1. When the preceding writ has been returned unsatisfied in whole or in part; 2. When the preceding writ has not been returned, and a sufficient reason exists for the issuing of another writ without requiring a return of the former; 3. Where a former writ has been returned satisfied, when no satisfaction has in fact been made. In the first case the writ may issue as of course; but in the last two cases there is usually a necessity for obtaining an order of court." 1 Freeman on Executions (3rd Ed.) Section 48. See also Massey v. Pineapple Orange Company, 87 Fla. 374, 100 So. R. 170. It is obvious that to allow plaintiff successive writs of execution to the same county, without requiring him to give any account of his proceedings under former writs, would be likely to *Page 1491 
lead to great confusion and abuse in the execution of process." 1 Freeman on Executions, (3rd Ed.) Sec. 49.
In some of the United States, the plaintiff is by statute allowed at his own costs to take out a second execution without returning the first. But where no statute has interposed to change the rule of the common law, it is clear in this country, as well as in England, that no execution can regularly issue if any attempt has been made to execute a former writ to which no return has been made. The rule probably goes further when the second writ is of the same nature as the first, and prohibits the issuing without leave of the court of any alias orpluries execution while the former writ is unreturned, no matter whether a levy has been made or not. See 1 Freeman on Executions (3d ed.) Section 49, and cases there cited.
Under Section 4504, Compiled General Laws of Florida, 1927, where the original execution has been lost or destroyed and no record exists of any return thereon, a clerk has no authority to issue an alias execution, especially where there are more than one defendant and several years have passed since the original issue. Likewise, any assignment by the original judgment creditor, as in this case, does not give the assignee any more legal right to the alias execution than the assignor had at the time of making the assignment.
The answer having conceded the first conviction to have been lost or destroyed, and no record appearing of any return of that execution to the clerk's office, and there having been no revivor, a decree should have been entered permanently enjoining any levy under the second execution.
 The decree is reversed. *Page 1492