JOHN McCALLUM v. J. M. GORNTO, as Receiver of The Citizens Bank of Mayo.

174 So. 24.
Opinion filed April 27, 1937.

J. M. Hearn, for Plaintiff in Error;

T. J. Swanson, for Defendant in Error.

BUFORD, J.—Defendant in error, Gornto, as Receiver of Citizens Bank of Mayo, recovered a judgment for money damages against plaintiff in error McCallum on November 25, 1924. Smith, as Liquidator, later succeeded to the administration of the affairs of the defunct bank. He assigned the judgment to one Elliott and Homer T. and Z. H. Putnal. Afterward Elliott assigned his interest in the judgment to Homer T. Putnal. Thereafter, the Putnals filed a petition *in scire facias* to revive the judgment, doing so in the name of the orignial plaintiff Gornto. Writ of *scire facias* issued, was served and returned and respondents appeared in their proper person.

A default judgment was filed June 1, 1936, and entered by the Clerk on October 30, 1936. Judgment awarding a writ of execution and taxing the costs of proceedings against respondents was filed November 4, 1936. Writ of error was sued out on December 3rd.

There are three questions presented. The first is: "May the assignee of a dormant judgment for damages maintain *scide facias* proceedings to revive such judgment, and have a writ of execution thereof, all in the name of the original plaintiff?"

The plaintiff in error contends that this could not lawfully be done.

The plaintiff in error relies upon what is said in the case of Sammis v. Wightman, 31 Fla. 45, 12 Sou. 536. It will be observed that the holding in that case applies to suits in equity to enforce the judgment against the alleged assets of a judgment debtor.

The instant case is ruled by the opinion and judgment in the case of Massey v. Pineapple Orange Co., 87 Fla. 374, 100 Sou. 170, where, in a well considered opinion by Mr. Justice ELLIS, it was said:

"An execution is a remedy, not an action, and no action is necessary to obtain it except when a judgment becomes dormant, then, so far as the proceeding by *scire facias* is an action, the judgment may be revived so that execution under the statute may issue thereon. The proceeding is not original but a continuation of the former action. See Black on Judgments 732-738; 10 R. C. L. 1217; 2 Freeman on Judgments 620-623."

And further in that opinion it was said:

"The proper judgment in *scire facias* to revive a judgment is that the plaintiff have execution for the judgment mentioned and costs. See Brown v. Farley, 2 Fla. 159. Judge Lancaster, speaking for the Court, said: 'This is a case of *scire facias* to revive a judgment and is not an original but a judicial writ, founded on some matter of record, to enforce execution of it, and properly speaking is only the continuation of an action. A step leading to the execution of a judgment already obtained and enforcing the original demand for which the action was brought. It creates nothing new but may be said to reanimate that which before had existence, but whose vital powers and faculties are as it were suspended, and without its salutary interference would be lost. 2 Sellon's Prac. 187-8.' "

In 24 R. C. L., page 674, it is said: "A proceeding for a *scire facias* must ordinarily be prosecuted by and in the name of the person that appears by the record to be the plaintiff in the judgment, or after his death in the name of his personal representative."

This was not a suit in equity to impress the lien of the judgment which would have been a new and independent suit and, therefore, should have been brought in the name of the real parties at interest. The judgment in *scire facias* simply revives the dormant judgment and execution and

brings it into force and effect the same as it was originally entered.

The second question is: "May a valid default judgment be entered by the Clerk on a date other than the next day after a rule day?"

It is not necessary to answer this question because the default judgment was entirely surplusage. The command of the writ was after stating the showing made, "Therefore, you are commanded to make known to the said John Mc-Callum and the said Leon R. McCallum that they be before the judge of our said court at the Clerk's office at Mayo, Florida, on Monday, the 4th day of May, 1936, next, to show cause, if any they have or know of any cause, why the said Homer T. Putnal and Z. H. Putnal ought not to have their execution against the said John McCallum of the damages aforesaid according to the force, form and effect of said recovery if he shall think it expedient so to do; and further to do and receive what our said Court, before our said Judge thereof, shall then and there consider of them in this behalf."

No return was made by the respondents McCallum in compliance with the orders of the writ and thereafter, on the 3rd day of November 1936, the Court entered judgment, the material part of which is as follows:

"*Whereas* the said Homer T. Putnal and Z. H. Putnal, petitioners, have besought our said Court to provide them a proper remedy in this behalf, and

*Whereas,* the said John McCallum and Leon R. Mc-Callum did enter their appearance to said writ on the 4th day of May, 1936, but have failed to plead in said cause or to show cause why said judgment may not be revived and issue execution and that default has been duly entered

against them for failure to make return or plead to said writ or petition.

"Therefore, the petitioners, Homer T. Putnal and Z. H. Putnal move the Court for judgment of revival against the said John McCallum and that execution issue thereunder in terms of law.

"Therefore, it is considered that the said petitioners have their execution against the defendant, John McCallum, of the damages aforesaid according to the form and substance of the statute in such case provided, and, it is also considered by the court that the said petitioners do recover against the said respondents for their costs and charges of the suit in their behalf on occasion of the said respondents, no defense having been pleaded to the said writ of *scire facias.*"

The judgment of the court was not dependent upon a default judgment entered by the Clerk but upon the failure of the respondents to comply with the court's order to show cause.

Therefore, the judgment, or rather the default judgment entered by the Clerk was of no consequence.

The next, and last, question presented is: "Is the respondent in *scire facias* proceedings to revive a money judgment liable for the costs thereof when he makes no defense thereto?"

In the case of Massey v. Pineapple Orange Co., *supra*, we held: "The proper judgment in *scire facias* to revive a judgment is that the plaintiff have execution for the judgment mentioned and costs."

In 24 R. C. L., page 682, the writer says: "A *scire facias* or the statutory substitute therefor, being a proceeding for the enforcement of a judgment or of a record having the effect of a judgment, the usual form of the judgment in

such proceeding is that the plaintiff have execution for the judgment or other record mentioned in the *scire facias* and for costs."

This enunciation is supported by the opinions and judgments in Owens v. Henry, 161 U. S. 642, 40 L. Ed. 837; Eau Claire Bank v. Reed, 232 Ill. 238, 83 N. E. 820, 122 A. S. R. 66 and notes.

So the judgment should be affirmed and it is so ordered. Affirmed.

ELLIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

BROWN and DAVIS, J. J., concur in part and dissent in part.

DAVIS, J. (concurring in part, dissenting in part).—I agree with the statement of Dr. Crandall in his work on Florida Common Law Practice to the effect that the failure to take out execution within three years, being the fault of the judgment creditor, should result in the disallowance of any costs, on proceedings to revive, where the defendant in execution does not contest the judgment plaintiff's *scire facias* action. See Crandall, page 842. To the extent that the judgment below is contrary to the foregoing rule I think it erroneous, otherwise I concur in affirming it.

BROWN, J., concurs.