### SPURWAY v. DYER et al.

No. 1156–M.

District Court, S. D. Florida,
Miami Division.

Dec. 28, 1942.

Ward & Ward, of Miami, Fla., for plaintiff.

Redfearn & Ferrell, of Miami, Fla., for defendants.

HOLLAND, District Judge.

I have for consideration the motion of the defendant, John W. Dyer, filed December 2, 1942. Counsel for the plaintiff and the defendant Dyer argued the motion, and have submitted elaborate briefs. The motion was taken under consideration.

█ Without written motion, plaintiff's counsel insists that in connection with the motion of the defendant Dyer that the Court reconsider its order made heretofore as regards the writ of execution first issued. The Court is of the opinion that the motion of the defendant Dyer should be denied, and is further of the opinion that the execution issued November 28, 1941, was premature in that scire facias had not preceded, and that the ruling of the Court heretofore made was correct.

The deficiency decree in this case was entered in 1933. No writ of execution issued until one was applied for on November 28, 1941. This writ was quashed, and on February 20, 1942, a second writ of execution was issued, upon which a levy upon personal property has been effected, and under that execution a sale had. Claim proceedings by a third party are now pending under the Florida statutes, but this claim proceeding is not now before the Court for consideration.

█ At common law, before the Act of Westminster (13 Edward I), a judgment did not operate as a lien on the debtor's real estate. 15 R.C.L. page 793. Chapter 18, of 13 Edward I, gave to the plaintiff the writ of elegit. 15 R.C.L. page 793. The writ of elegit is not in force in the State of Florida, because it is inconsistent with the statute enacted in 1845, to-wit, Section 4509, Compiled General Laws of Florida, 1927. Said Section 4509 provides for the sale of property in Florida under execution. Chapter 45 of said Act of Westminster (13 Edward I) gave the writ of scire facias, and is in force in this State by virtue of the provisions of the Act of November 6, 1829, Comp.Gen.Laws Fla.1927, § 87, which adopts the common law and statute laws of England, which are of a general and not a local nature, with certain exceptions and provisions. Union Bank v. Heirs of Powell, 3 Fla. 175, 179, 196, 52 Am.Dec. 367. Both before and after 13 Edward I, Statute of Westminster 2, the judgment did not create a lien against the real estate of the debtor. Chapter 18 of the Statute of Westminster was the first legislation in England subjecting the lands of the debtor to execution on judgment, and by virtue of the writ of elegit the sheriff seized a moiety of the lands until the debt was paid out of the rents and profits. 15 R.C.L. page 793. Under the common law this newly created right of scire facias continued as an incident to the existence of a judgment until barred as a stale claim. By the old common law there was no limitation of actions, but in England a system of limitation was attempted, first by the Statute of 32 Henry VIII, and later by 21 James I, Chapter 16. See 17 R.C.L. page 663. There was, however, in said limitation statutes no specific limitation on judgments. Wood v. Carpenter, 101 U.S. 135, 25 L.Ed. 807. Before the enactment of the Statute of Westminister 2, a plaintiff who did not take out a writ of fi. fa. within a year and a day was put to a new action upon his judgment. Davis v. Davis, 4 Cir., 174 F. 786, 789. The Act of Westminster 2 not only extended to personal actions the remedy of collection of the judgment out of rents and profits from real estate levied upon, but gave a new remedy to the judgment creditor, to-wit, the right after the year and a day to revive the judgment by scire facias, so as to give it life as a basis for the issuance of the writ of fi. fa. This was the state of the common law as adopted in Florida by the Act of 1829. In 1834 a judgment was made a lien against the debtor's real estate. Section 4488, Compiled General Laws of Florida, 1927. This statute was revolutionary. No longer was a law to be recognized in Florida, which as a part of the common law, was based upon fealty to a King, whose right to call on the feudal lords for military assistance might be less beneficial if the real estate belonging to the feudal lords was to be seized under judicial process for debt. Florida was not admitted to the Union until 1845, but while a Territory of the United States this departure from the common law was provided when it was legislatively declared that a judgment became a lien against the real estate of the judgment debtor. This is the background in the light of which the Act of 1844, Section 4504, Compiled General Laws of Florida, 1927, is to be interpreted.

The period of time within which a writ of execution may issue without revival by scire facias is extended from a year and a day to three years, and the period during which the plaintiff shall be entitled to re-

new the writ, upon the return to the clerk's office of the original execution, is made twenty years. That is specifically provided by the Act of 1844. It so happens that this twenty-year period is of the same length as the limitation statute as fixed by the Act of 1872 as barring an action upon a judgment or decree of a court of record in this State. Section 4663, Compiled General Laws of Florida, 1927.

The lien of the judgment remains for twenty years, Massey v. Pineapple Orange Company, 87 Fla. 374, 100 So. 170. On the motion now before the Court, we are not dealing with the lien on the judgment, we are dealing with the right to scire facias under said Section 4504. However, the scire facias is a writ to revive, a writ for the revival (so that execution may issue on) of a judgment which has come to enjoy the dignity of a lien on real estate.

In 1845 the first statute in Florida was enacted declaring what property is subject to levy. Section 4509, Compiled General Laws of Florida, 1927, which was later amended in 1889. A brief and concise statement of the origin of judgment liens is found in Section 248 of 15 R.C.L. under the title "Judgments."

The creation of the judgment lien against the real estate, as declared by the Act of 1834, as well as the said Act of Westminster 2, must be fully considered and appreciated in interpreting said Section 4504. Said Section extended from a year and a day to three years the period of time within which the plaintiff might sue out the writ of execution without scire facias. Prior to the Act of 1834 a writ of execution following a scire facias was not merely the relief afforded by what Blackstone and other English writers style "another remedy," but the sheriff, after the plaintiff had sued out his writ of elegit levied on real estate, not selling the fee, but collected only out of the rents and profits. But under the Act of 1834 the plaintiff suing out his fi. fa. enjoyed the right of satisfaction of his judgment by sale of the real estate itself. Section 4504 extended the time from a year and a day to three years. Said Section 4504 further provides that if the plaintiff does sue out his writ of fi. fa. within the three-year period, and it is returned to the clerk's office unsatisfied, then he is entitled to renew the same. Numerous cases have been

decided by the Supreme Court of Florida construing this statute, holding among other matters that if the execution is not sued out during the three-year period, then the writ of scire facias may properly issue, warning the debtor of impending action by enforcement process.

In the analysis of the law as thus made up to this point, I conclude that the judgment is not dormant after three years, and only to be revived within seven years, as contended by the defendant Dyer. In England after the statute of Westminster 2, while the judgment constituted no lien against real estate of the debtor, the plaintiff was privileged not only to sue on the debt, but he was given a new remedy of revival by writ of scire facias, which privilege he could enjoy until the claim became stale. In Florida the judgment became a lien against the real estate of the debtor. Thereafter a statute was enacted in the Territory of Florida whereby the right of the plaintiff to the writ of execution was extended from a year and a day to three years. When the right to issuance of execution was not exercised during the three-year period, the right of scire facias brought over from the common law was preserved. Under the common law and in Florida before 1834 the plaintiff sought by scire facias to revive a dormant judgment. After 1834 the judgment had become a lien against real estate of the debtor. I hold that the twenty-year period provided for in said Section 4504 applies to a renewal of the writ once issued, but that the fundamental distinction characterizing the judgment that is revived, constitutes a distinct departure from the common law. The Act of 1834 does more than merely create a lien against the real estate of the debtor. It adds dignity to the judgment. Under said Florida statute the writ of execution which issues after scire facias is based on a judgment which has been characterized by the statute as impressing a lien upon real estate. Massey v. Pineapple Orange Company, 87 Fla. 374, 100 So. 170; Tedder v. Morrow, 100 Fla. 1486, 131 So. 387.

The execution of February 20, 1942, followed a motion of plaintiff for an order that execution issue, filed January 12, 1942. This motion was resisted, and after full argument the said motion was on February 18, 1942, granted. Thereafter, on February 20, 1942, the plaintiff filed his

praecipe for execution. I hold that this complies with the Federal Rules of Civil Procedure.

 Were it not for the presently made insistence of the plaintiff with reference to the execution which issued November 28, 1941, this order could conclude here, with a denial of the motion of the defendant filed December 2, 1942. It becomes necessary, however, to consider Chapter 17904, Laws of Florida, 1937. This order will not be extended by a detailed statement of the provisions of this Act. A copy thereof should supplement this order opinion. First, I shall discuss the statute and Court decisions which in my opinion led to the passage of this Act. Chapter 17171, Laws of Florida, 1935, Section 8, provides as follows:

"No execution shall issue upon or be levied under any judgment against a decedent or against the personal representative, nor shall any levy be made against any property, real or personal, of the estate of a decedent. Claims upon all judgments against the decedent shall be filed in the same manner as other claims against estates of decedents.

"Provided, however, that the provisions of this section shall not be construed to prevent the enforcement of mortgages, pledges or liens, or claims to specific property, real or personal."

The said Act was only intended to correct errors and omissions which had occurred in the drafting and enactment of the Probate Act, Acts Fla.1933, c. 16103. In February, 1937, the case of Desiderio v. D'Agostino, was decided by the Supreme Court of Florida, reported in 127 Fla. 377, 173 So. 682. There a lien was created by attachment. Judgment was entered after the death of the defendant with a revival of the cause. Two previous executions had been abated by the orders of the Circuit Court. The language of the Court dealing with the Probate Act and the effect of the lien of a third execution with two prior executions quashed, in my judgment gave rise to the enactment of said Chapter 17904. It was intended evidently by said Act not only to declare the law

as to the right of execution, but to provide for the life of the execution, and how it should be disposed of when issued. I hold that there was no intention by the legislation, said Chapter 17904, to abrogate and annul the provisions of Section 4504, Compiled General Laws of Florida, 1927.

By the first portion of Section 1 of said Chapter 17904, relating to the issuance of the execution, it is made to appear that the right to execution in the first issuance is clarified as a privilege, with the provision that the plaintiff "shall be entitled." Under Section 4506, Compiled General Laws of Florida, 1927, the word "shall" is used. Under Section 4506 it may logically be argued that it was mandatory upon the clerk to issue a writ of execution upon rendition of judgment. Such is not the case as now provided by Chapter 17904.

When said Chapter 17904 is fully considered, I hold that said Section 4504 is not in conflict therewith, and that there was no repeal by implication.

 Lastly, I hold that the said Chapter 17904 is of a remedial nature and not retroactive. The very fact that no provision is made by said Chapter 17904 for judgments over three years old, and on which no execution had issued, shows an intent of the Legislature not to repeal by implication Section 4504 by said Chapter 17904.

I, therefore, find that the contention of the plaintiff is not well taken with reference to the execution that first issued on November 28, 1941. Having reached this conclusion, it becomes unnecessary to discuss further contentions of plaintiff's counsel with reference to (1) the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c, and (2) the creation of a lien on real estate by a Federal judgment, a bit of interesting legal history from the case of Doyle v. Wade, 1887, 23 Fla. 90, 1 So. 516, 11 Am.St.Rep. 334, the Act of August 1, 1888, 28 U.S.C.A. § 812, down through the Florida Act of 1939, Chapter 19270.

It is ordered that the motion of defendant Dyer filed December 2, 1942, is overruled.