B. A. LOTT, INC., a Florida corporation, v. EDGAR H. PADGETT and GAYNELL M. PADGETT, his wife, sometimes known as GAYNELL M. PADGETT, and HENRY J. BALDWIN and VIRGINIA BALDWIN, his wife.

14 So. (2nd) 667                                    June Term, 1943
July 9, 1943                                              En Banc
Rehearing Denied August 3, 1943

*Leo Rosen* and *Ward & Ward,* for appellants.

*Redfearn & Ferrell,* for appellees.

ADAMS, J.:

This is a suit for partition and other relief. A decree was entered holding the bill bad for want of equity and this appeal is to review that decree.

A deficiency decree was entered in the United States District Court at Miami, (Dade County) Florida, against one Dyer, dated June 26, 1933. On the same date the decree was entered of record in the court of records and recorded in Judgment Book 1, page 696, of the United States District Court at Miami. On December 1, 1941, a certified copy of the decree was recorded in Judgment Book 3, page 224, of the public records of Dade County, Florida. In October 1941,

Dyer acquired a half interest in the real estate here sought to be partitioned. On December 15, 1941, Dyer conveyed the land to the defendants Baldwin. January 12, 1942, plaintiff being the owner of the deficiency decree filed a motion in the United States District Court to revive the decree, (the writ of scire facias having been abolished, Federal Civil Procedure, Rule No. 81) and have execution issue thereon. Defendant Baldwin was not a party in the original proceeding and had no notice to revive the judgment. The motion was granted execution issued on February 20, 1942, and pursuant to levy and sale, plaintiff, on April 6, 1942, acquired by marshall's deed the interest in the real estate which Dyer had purported to sell to Baldwin. The real estate is located in Dade County, Florida.

The question is whether the deficiency judgment became a lien on the real estate while it was owned by Dyer in 1941. The effect of the decree appealed from is to hold that inasmuch as execution was not issued within three years as provided by Section 55.15, Fla. Stat., 1941, the judgment became dormant it did not constitute a lien.

Judgments of a United States District Court shall become and cease to be liens under the same conditions as judgments of state courts. Title 28, Sections 812-14, U.S. Code Ann. Rhea v. Smith, 274 U. S. 434, 71 L. Ed. 1139. State court judgments become liens on the debtor's real estate, Section 4488, C.G.L.; Sections 55.08, 55.09 and 55.10 Fla. Stat. 1941.

The lien of the judgment was effective from rendition for a period of twenty years. During this period, Dyer became the owner of the land and thereupon the lien attached. Harrison and wife v. Roberts, 6 Fla. 711. The right to enforce the lien only was suspended after the lapse of three years until such right was restored by scire facias. The plaintiff may have execution as of right upon request within three years from the rendition of judgment, Section 55.15, Fla. Stat. 1941. If not sued out within three years then it can be had by scire facias. Once the execution is sued out it is not necessary to renew same by scire facias. This was dispensed with by Chapter 17,904, Acts, 1937; Section 55.16, Fla. Stat., 1941. See Crandall's Common Law Practice, 1940 Supp.

Section 542. Scire facias was not a new action but was only a step already in existence. Massey v. Pineapple Orange Co., 87 Fla. 374, 100 So. 170; McCallum v. Gorto, 127 Fla. 792, 174 So. 24.

The scire facias proceeding, not being a new and independent action the seven year statute of limitation (95.11, Fla. Stat., 1941), did not apply as contended by appellee. An interesting phase of this case was discussed in an able opinion order in the case of Spurway v. Dyer, 48 F. Supp., 255.

The scire facias was not defective because Baldwin was not made a party. Once the judgment lien attached Baldwin purchased subject to same. Eppes v. Dade Developers, Inc., 126 Fla. 353, 170 So. 875; State ex rel. Lehman, 109 Fla. 331, 147 So. 907. It is insisted that since the decree was not recorded in the chancery order book of the circuit court of Dade County it did not constitute a lien. Cited for this assertion is Bay View Est. Corp., et al., v. Southerland, 114 Fla. 635, 154 So. 894. When the decree was entered in the United State District Court it became a lien on real estate belonging to the judgment debtor, in Dade County, Florida, as well as any thereafter acquired by him during the life of the judgment. This is so because such would have been the effect of a judgment of our circuit court. (A court of general jurisdiction.) It naturally follows that a contrary view would be to treat the federal judgment differently from our own. This we are enjoined from doing under Rhea v. Smith and U. S. Code, *supra*. Insofar as Bay View Est. Corp. v. Southerland, *supra*, may be inconsistent with this opinion, the same is overruled.

The procedure taken by appellant to partition the property is not inappropriate. The bill was good and it was error to dismiss the same.

The decree is reversed.

BUFORD, C. J., TERRELL and SEBRING, JJ., concur.

CHAPMAN, J., concurs specially.

THOMAS, J., agrees to conclusion.

BROWN, J., dissents.

CHAPMAN, J., concurring specially:

I agree to the order of reversal. The appellant should be permitted to file an amended bill of complaint consistent with the majority opinion.