PEARSON, Judge.
Petitioners have furnished us with a statement of facts which when checked against the record certified to us, appears to be complete. No brief has been filed on behalf of the respondents. The following statement of salient facts from the record is set out in chronological order.
1.On November 22, 1944, respondent, Wood, filed his claim for $99 in the Small Claims Court of the Third Justice of the Peace District of Dade County, Florida, against the petitioners.
2. On December 7, 1944, respondent, Huey, filed his claim for $58.80 in such court against the petitioners.
3. On February 22, 1945, the justice of the peace entered a judgment in favor of Wood against the petitioners in the amount of $80.27.
4. On the same date judgment in the amount of $61.50 in favor of Huey against petitioners was entered.
5. On February 26, 1945, writs of execution were issued on each of the judgments. These writs bear no indication that execution was ever attempted
6. On January 28, 1957, approximately twelve (12) years later, without formality or proceedings, new writs of execution were issued.
7. On March 21, 1957, the petitioners filed a sworn motion in each case to vacate the judgment and to quash the writ of execution.
8. On April 18, 1957, the petitioners filed affidavits in each case with the sheriff of Dade County setting forth that the writs of execution were illegal.
9. Respondents moved the justice of the peace to set aside the affidavits of illegality, and said motions were granted.
10. Notices of appeal were thereupon filed to the circuit court, and upon stipulation the causes were consolidated for appeal.
11. On December 12, 1957, the judgment of the small claims court for the third district was affirmed without opinion.
Petitioners urge that the issuance of the second writ of execution on each judgment is barred by the statute of limitations. Section 95.11, Fla.Stat., F.S.A. We find this to be true.
After the statute of limitations has run against a judgment, the right to an *924 execution thereon has gone, and should one be issued it will be reached upon motion. Lockhart v. Yeiser & Co., 1867, 65 Ky., 2 Bush, 231 cited in Crandall, Florida Common Law Practice 848 (1928); see Massey v. Pineapple Orange Co., 87 Fla. 374, 100 So. 170.
An examination of Section 95.11, Fla. Stat., F.S.A. reveals that it provides: “Actions other than those for the recovery of real property can only be commenced as follows: * * Thus this section provides a limitation for all actions other than those for the recovery of real 'property, and the judgment of justices of the peace must fall within one of the subsections.
Subsection (1) thereof provides that actions based “upon a judgment or decree of a court of record in the state” must be brought within twenty years of the date of rendition of the judgment. The court of a justice of the peace is not a court of record. Hahn v. Kelly, 34 Cal. 391, 94 Am.Dec. 742; 3 Blackstone’s Commentaries 24 (10th Ed. 1787); see 14 Am. Jur. 250, 251, Courts § 7 (1938). Subsection (2) of this same section provides that actions based upon a judgment of “any court of the United States, or of any state or territory within the United States, or of any foreign country” must be brought within seven years of the date of rendition of the judgment. Thus by virtue of the statute of limitations, an execution based upon a judgment of a court of record of the State of Florida to be valid must be issued within 20 years of the date of rendition of the judgment. The judgments of justices of the peace are not mentioned in the statute of limitations. Further examination of the remaining subsections of section 95.11, supra, reveals that there is no other subsection under which judgments may be included unless it is the omnibus clause, which is subsection (4) reading as follows: “Within four years. — Any action for relief not specifically provided for in this chapter.”
It is not necessary for a decision in this case to determine which subsection governs judgments of justices oí the peace. It is sufficient that we find they do not fall under the twenty year provision. The judgments were more than eleven years old at the time the second executions were issued, and therefore an action upon them would be barred if they fell under any subsequent subsection. Since an action was barred at that time, no executions could be issued upon them.
For the reasons stated the writ of certi-orari must be granted and the circuit court directed to quash all proceedings under the judgments set forth in this opinion.
Certiorari granted.
CARROLL, CHAS., C. J., and HORTON, J., concur.