PEARSON, Judge.
The plaintiffs appeal from an adverse final decree entered upon their complaint to quiet the title to certain real property as against a claim of Ray E. Green, as Comptroller of the State of Florida. The comptroller filed an answer by which issue was joined on the question of whether the comptroller’s warrant for collection of delinquent taxes constituted a lien on the real property involved. The parties entered into a stipulation of facts and submitted the cause for final decree. The court ordered the title quieted in plaintiffs, subject to the lien of the comptroller. We hold that the comptroller’s warrant for collection of delinquent taxes was not a lien under the circumstances set forth in the stipulation. The stipulation of facts sets forth the following:
“1. At all times pertinent hereto, Lloyd Spector was the President and executive officer of Crown Fence Company, Inc., a Florida corporation.
“2. On March 29, 1927, [sic] [1957], the Plaintiff, L. T. Ahrenholz, advanced certain monies to the said Crown Fence Company, Inc. Simultaneously with such advancement, the said Lloyd Spector joined by his wife, executed and delivered to the said L. *140 T. Ahrenholz, individually as a trustee, a certain warranty deed; a true copy of which is attached hereto and made a part hereof and marked Exhibit ‘A’.
“3. Subsequently, on or about the 17th day of May, 1957, the said Lloyd Spector, joined by his wife, executed and delivered to the said L. T. Ahren-holz a second Warranty Deed, conveying a one-half interest in the above described property; a true copy of which is attached hereto and made a part hereof and marked Exhibit ‘B’.
“4. On May 20, 1957, Ray E. Green, as Comptroller of the State of Florida, recorded in the office of the Clerk of the Circuit Court of Dade County, Florida, in Official Records Book 246 at page 467, a warrant for collection of delinquent taxes, which warrant recited the fact that Crown Fence Company, Inc., a Florida corporation, and Lloyd Spector, President, Lloyd Spec-tor, individually, d/b/a Crown Fence Company, Inc., 2501 N.W. 79th Street, is indebted to the State of Florida in the total amount of $3,402.26 for sales and use taxes. A copy of the said warrant for collection of delinquent taxes is attached hereto and made a part hereof and marked Exhibit ‘C’. Neither Lloyd Spector nor Crown Fence Company, Inc. has contested the aforesaid tax warrant. The said liability was incurred as a result of the failure of Crown Fence Company, Inc. to remit to the Comptroller taxes collected on its sales. The Defendant, Ray E. Green, as Comptroller, has no proof of merger by the said Lloyd Spector with the said Crown Fence Company, Inc., and the individual liability of the said Lloyd Spector is based on his aforesaid executive and managerial capacity with the said Crown Fence Company, Inc.
“5. The Plaintiff, L. T. Ahrenholz, "has since conveyed a portion of his interest in the property to the Plaintiffs, Thomas A. Horkan, Jr. and Ann M. Horkan, his wife. The Plaintiffs bring this action for themselves and their successors in title.”
The warrant mentioned in paragraph numbered 4 above was issued pursuant to section 212.15(3), Fla.Stat., F.S.A., which reads in part as follows:
“(3) All taxes collected under this chapter shall be remitted to the comptroller. The comptroller is empowered and it shall be his duty, when any tax becomes delinquent under this chapter, to issue a warrant for the full amount of the tax due or estimated to be due, together with the interest, penalties and cost of collection, directed to all and singular the sheriffs of the state, and mail such warrant to the sheriff of the county wherein any property of the taxpayer is located; and upon receipt of such warrant, the sheriff shall record the same in the office of the clerk of tire circuit court of said county and thereupon the amount of such warrant shall become a lien upon the title to any real or personal property of such taxpayer, situated in said county, against whom such warrant is issued in the same manner as a judgment duly docketed and recorded in the office of such clerk of the circuit court. * *
It affirmatively appears from the stipulation of facts that the taxpayer, Crown Fence Company, Inc., a Florida corporation, did not, at the time of the filing of the warrant, hold title to the property upon which a lien is claimed. The answer of the comptroller does not allege that an equity existed in said taxpayer in and to said property. In fact, the answer of the comptroller asks for no affirmative relief of any nature. The sole basis for the comptroller’s claim of a lien is the fact that the warrant for collection of the delinquent tax by its terms not only ran against Crown Fence Company, Inc., but against “Lloyd Spector, President, Lloyd Spector *141 individually, d/b/a Crown Fence Company, Inc.”
The comptroller does not refer us to any statutory authority for the levy of a warrant for the collection of delinquent taxes against anyone other than the delinquent taxpayer. We are referred rather to a claim that the warrant of the comptroller is not subject to collateral attack by plaintiffs. It is the position of the comptroller that inasmuch as the warrant was validly rendered the persons mentioned therein were limited to their rights provided by section 212.15(4) Fla.Stat., F.S.A.[1] This position cannot be sustained because the stipulation clearly shows that the warrant is void insofar as it attempted to create a lien upon the property of Lloyd Spector, i. e., Lloyd Spector was not a "taxpayer” within the meaning of § 212.15(3), (4), supra.
Section 212.15(3), supra, makes the warrant, once recorded, analogous to a re•corded judgment. It has been held in Florida that as a general rule a collateral attack may not be made upon a judgment •except by the parties directly involved or by parties in privity with them.[2] Appellants by mesne conveyances have become successors to Lloyd Spector’s interest in the property and thus the requirement of privity is satisfied.
We have determined that the warrant for •delinquent taxes was void in that it sought to declare a lien upon the property of one who was not a taxpayer; and further, that there is no basis in the answer or in the ■stipulation for a holding that the Crown Fence Company had an interest in the property involved. Therefore, the portion of the final decree declaring that the property therein described is subject to the interest of the defendant, Ray E. Green as Comptroller of the State of Florida, is reversed. In all other portions the decree is affirmed.
Affirmed in part and reversed in part.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. “(4) If any taxpayer or person required by this chapter to remit taxes to the comptroller shall feel aggrieved by any action of the comptroller, he shall have the right within thirty days to appeal to the comptroller for rehearing and re-ex•amination and in support thereof may submit such data as may be relevant. If the comptroller’s decision is determined •adversely to the taxpayer or person required by this chapter to remit to the comptroller, such person shall have the right within thirty days from notice of such determination to have the comptroller’s determination reviewed in appropriate proceedings in any of the circuit courts of Florida, and in such review there shall be no presumption in favor of the comptroller’s findings.”

. See cases cited at 19 Fla.Jur., Judgments and Decrees § 379 nn. 10-12.