COBB, Judge.
The Florida Real Estate Commission (FREC) entered an order in May, 1988, suspending the real estate salesman’s license of the appellant, James E. Black, contrary to the recommendation of the Administrative Hearing Officer. The basis for the action by FREC was that Black’s contractor’s license had been suspended in 1986 by the Construction Industry Licensing Board (CILB). In June, 1988, CILB vacated its 1986 order of suspension pursuant to a stipulation with Black. Nevertheless, FREC refused to modify its order of suspension, although it had been notified of the stipulation during pendency of the case before it and Black’s motion for rehearing of the FREC’s order was determined after the final order of CILB vacating its prior order of suspension.
On appeal, Black contends the FREC erred in entering its order of suspension in May 1988, and grossly abused its discretion in refusing a continuance at that time to await the CILB’s imminent approval of the stipulation pending before it. He also contends the FREC should have amended its May order of suspension when apprised of the action of CILB in vacating its 1986 order of suspension.
FREC responds that the 1986 order of suspension ordered by CILB was a “final order” that was not appealed and therefore was not subject to modification some two years later as a matter of jurisdiction. Hence, argues FREC, “administrative finality” attached to the Board’s initial order and it remained as a viable basis for the action by FREC in 1988.
The wording of the “final order” entered by CILB in 1986 does not support the argument of FREC. The adjudicatory paragraph of that order provides:
All of Respondent’s licensure to practice contracting shall be suspended for 10 years, to run from the date of this Board’s final order in this case; provided, that Respondent can apply to the Board for reinstatement after 3 years upon a satisfactory showing that he has made reasonable attempts to assist the customer Brubaker, and has put his business financial affairs in good order and condition.
CILB clearly retained jurisdiction over the matter during the period of suspension, hence was acting within its jurisdiction when it vacated the order of suspension in 1988. FREC may not collaterally attack that order. See Ahrenholz v. Green, 127 So.2d 139 (Fla.3d DCA 1961), cert. denied, 132 So.2d 289 (Fla.1961). Moreover, based upon our reading of Chapter 475, it does not appear that the mere fact of Black’s 1986 suspension as a contractor, even had that suspension order not been vacated, could serve as the sole basis for his suspension by FREC at a later time. See § 475.455(2), Fla.Stat. (1987). That is, suspension is a discipline, and not a violation inviting discipline. Instead, suspension by another agency permits FREC to investigate the circumstances of that suspension and make its own findings of fact, to determine whether discipline under Chapter 475 is appropriate. See § 475.25(1) & (2), Fla.Stat. (1987).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
DANIEL, C.J., and COWART, J., concur.