A. G. Desiderio, as Administrator of the Estate of Leugi Desiderio, v. P. D'Agostino.

173 So. 682.
Opinion Filed February 13, 1937.
Rehearing Denied April 21, 1937.

*Singeltary, Kirk & Cornwall,* for Plaintiff in Error;
*William J. Ray,* for Defendant in Error.

Davis, J.—In a suit commenced by attachment, judgment for plaintiff was entered after the defendant had died and the cause had been revived against his administrator as provided by Section 4213 C. G. L., 2574 R. G. S. Old Rule 36, Common Law Rules of Practice for Government of Circuit Courts. The attachment issued at the time of institution of the suit was levied upon the defendant's real estate in his lifetime and of course became a specific lien on the attached real estate. Sections 5267, 5268, 5269 C. G. L., 3414, 3415, 3416 R. G. S.

Pursuant to the Judgment rendered against the substituted administrator of the original defendant's estate, execution was issued and levied by the Sheriff upon the attached land that had previously become subject to plaintiff's attachment lien under the original writ of attachment. The first execution was stayed by the Circuit Court. The ground of the stay appears to have been the supposed effect of Section 123 of Chapter 16103, Acts 1933, Section 5541 (95) C. G. L. Suppl. prior to its amendment by Section 8 of Chapter 17171, Acts 1935, (the Probate Act).

Another execution was thereupon applied for, issued and levied upon the same property. This execution was likewise stayed because the Circuit Court through the writ should have described the property against which the writ of attachment had become specific lien prior to the original defendant's death.

Whereupon a third execution in words and figures following was applied for, issued and levied against the real estate described therein:

"EXECUTION

"STATE OF FLORIDA, MANATEE COUNTY.

"*To All and Singular the Sheriffs of the State of Florida—Greeting:*

"You ARE HEREBY COMMANDED That of the goods and chattels, lands and tenements of LUEGI DESIDERIO in the hands of A. D. Desiderio as Administrator of the Estate of said Luegi Desiderio, deceased, to be administered, to-wit: 'Lot Three (3) in Block Two (2) of Wyman and Green's Subdivision of Cortez Beach, as per plat thereof recorded in Plat Book No. 2, page 58 of the Public Records of Manatee County, Florida,' your cause to be made the sum of One Thousand One Hundred Forty-Eight and 50/100

($1,148.50) Dollars, which laterly on the 13th day of November, 1934, in our Circuit Court of Manatee County, of the State of Florida, held at the Courthouse in Bradenton, in and for the County of Manatee, was recovered against the said A. G. Desiderio as Administrator of the Estate of Leugi Desiderio, deceased, in an action commenced by writ of attachment levied upon the above described property on the 15th day of February, A. D. 1934, by P. D'Agostino for damages, with legal interest thereon until paid, whereof the said A. G. Desiderio, deceased, is convicted, as appears to us of record. And that you have the same before the Judge of our said court at the Courthouse in Bradenton, aforesaid, when satisfied, to satisfy the said P. D'Agostino for his damages and interest aforesaid, and have then and there this writ,

"WITNESS, The Honorable W. T. Harrison, Judge, as also IVESON LLOYD, CLERK, and the seal of said Court at the Courthouse in Bradenton aforesaid, this 5th day of July A. D. 1935.

"IVESON LLOYD, *Clerk,*
"By W. H. FLETCHER,

"(SEAL)                                    *"Deputy Clerk."*

Petition to stay this execution also was thereupon filed by defendant in execution, and denied by final order of the Circuit Court, whereupon defendant in execution sued out this writ of error seeking to reverse same.

Our conclusion is that there is no error in the judgment to which this writ of error is being prosecuted by the plaintiff in error.

Whatever may have been the applicability, in contemplation of law, of the restrictions upon levies of executions specified in the original Section 123 of the 1933 Probate Act to the judgment and execution in controversy in the

case at bar (in view of the perfected attachment lien that had become a legal charge upon defendant's real estate in his lifetime), it is certain that by Section 8 of Chapter 17171, Acts 1935, now Section 5541(95), 1934 Suppl. C. G. L.,—the original restrictions have been removed in favor of the attachment lien. Therefore the execution last issued was in due and legal form, and such as plaintiff below was entitled to have issued and enforced against the defendant's attached real estate upon which he had perfected a statutory lien during the original defendant's lifetime, in due course of legal procedure.

The two previous executions were in effect avoided by the orders of the Circuit Court staying them at plaintiff in error's instance prior to the issuance of the third execution now brought in question on this appeal. So if there is, or was, any error in issuing the last execution while the two previous ones were outstanding and unreturned, the error is one of which plaintiff in error is not entitled to complain, since only one satisfaction and one levy to realize such satisfaction is being attempted against the defendant in execution.

The other objections urged have been considered but we find in them nothing to require additional comment in this opinion.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.