69 So.2d 305 (1954)
MONTGOMERY
v.
GIPSON et al.
Supreme Court of Florida. Special Division B.
January 5, 1954.
Graham, Dixon & Flynn, Tampa, for appellant.
Reeves, Allen & Dell, Tampa, for appellee.
ROBERTS, Chief Justice.
This case involves the validity of a tax deed and, more specifically, the sufficiency of the notice of the application for the deed required by Section 194.18, Florida Statutes, F.S.A., to be sent to the owner of the property. The lower court held the notice insufficient, declared the tax deed to be null and void, and quieted title to the property in the record title holders, the appellees Gipson. From this decree the holder of the tax deed, appellants here, has appealed.
Briefly, the facts are that the property was purchased by the appellees Grady C. and Mary L. Gipson as an estate by the entirety in 1949, at which time they were advised by the then owner that the 1949 taxes had been paid. This was not the case, however; and in due course a tax certificate was issued and sold for the delinquent 1949 taxes, and application was made to the Clerk of the Circuit Court of Hillsborough County for a tax deed. Upon receiving the request for the tax deed application, the Clerk (as was his custom, although not required by law to do so) directed a letter to the appellees Gipson advising them that he had received a request for a tax deed application to be filed on property which was assessed to them on the 1951 tax roll, and stating the amount necessary to redeem the outstanding certificate if they desired to do so within ten days. This latter, referred to hereafter as the "unofficial notice," was directed by the Clerk to the Gipsons at 8105 12th Street, Tampa, the street address of the property in question and the address of the Gipsons as shown on the tax role. The Gipsons had, however, moved to Georgia and had leased the premises and, according to their testimony, did not receive this "unofficial notice".
Subsequently, the Clerk published a notice of the application for tax deed, as required by Section 194.16, Florida Statutes, F.S.A., and mailed to each of the Gipsons the notice required by Section 194.18, Florida Statutes, F.S.A. The notice *306 to Grady C. Gipson was properly addressed to him at 8105 12th Street, Tampa; but through a clerical error the notice directed to Mary L. Gipson was mailed to her at 8501 12th Street, Tampa, and was returned to the Clerk as being an erroneous address. Thereafter, the property was sold at public sale and a tax deed issued to the appellant. Grady C. Gipson testified that he never received the notice mailed to him, but this is unimportant in view of the provisions of Section 194.18 that "The failure of the owner * * * to receive such notice shall not affect the validity of the tax deed issued pursuant to such notice."
Two questions are argued here. The first may be stated as follows: As to property held as an estate by the entirety, will a notice of application for a tax deed to such property which is properly mailed to only one of the spouses be sufficient as a "notice to the owner" required by Section 194.18, supra? We do not think the nature of an estate by the entirety requires that this question be answered in the affirmative, as contended by appellant. While it is true, as contended by appellant, that the estate held by the spouses in an estate by the entirety is one per tout and not per my, there are still two owners of the property, and both must join in a conveyance of the property. The provisions of the statute respecting the taking of one's property for failure to pay taxes are drastic enough as it is; and we are not persuaded that the construction of the statute contended for by appellant is either warranted or desirable.
We hold, then, that a notice of application for a tax deed to property held as an estate by the entirety, as required by Section 194.18, supra, is not sufficient if properly mailed only to one of the spouses.
It is also contended on behalf of the appellant that, under the decisions of this court, "substantial" compliance with the terms of the tax statute is all that is required, and that the circumstances here show such compliance. But with this contention again we cannot agree.
We said in Ozark Corp. v. Pattishall, 135 Fla. 610, 185 So. 333, 335, that
"A failure to comply strictly with those provisions of tax laws which are intended for the guidance of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the right of parties interested cannot be injuriously affected, will not usually render the proceedings void; but where the requisites prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and a disregard of them might and generally would affect his rights, they cannot be disregarded and a failure to comply with them will render the proceeding invalid."
In the Ozark case it was held that the statutory requirement of notice was intended for the protection of the citizen; that it was jurisdictional; and that a disregard of its terms will render the tax deed void. Again, in Hightower v. Hogan, 69 Fla. 86, 68 So. 669, 671, we said that "the failure to give the notice as expressly and specifically required by the statute renders the tax deed void". Counsel for appellant has cited to us no case in which this court has held that anything other than strict compliance with the provisions of Section 194.18 respecting the giving to the owner notice of application for a tax deed to his property is acceptable.
It is our opinion, then, that the jurisdictional requirement of notice, as specified in Section 194.18, is not satisfied except by the due performance of every step in the proceedings outlined therein; and that the so-called "unofficial notice" was not sufficient under the statute.
Our opinion is reinforced by the fact that the statute, Section 194.16, in providing for the publication of the notice of application for tax deed, states that "a notice in substantially the following form" *307 shall be published. (Emphasis supplied.) But the legislative mandate as to the mailing of notice to the owner gives no such lee-way to the Clerk.
For the reasons stated, we hold that the lower court did not err in declaring the tax deed to be null and void. Accordingly, the decree appealed from should be and it is hereby
Affirmed.
HOBSON and BUFORD, JJ., and LOPEZ, Associate Justice, concur.