155 So.2d 405 (1963)
Carmella L. ALPER, a Free Dealer, Appellant,
v.
Joseph G. LaFRANCIS and Clara F. LaFrancis, his wife, Appellees.
No. 3464.
District Court of Appeal of Florida. Second District.
July 12, 1963.
Rehearing Denied August 8, 1963.
David Kerben and Charles V. Silliman, Orlando, for appellant.
Francis K. Whitaker, of Whitaker, Wiggins & Brigman, Orlando, for appellees.
SHANNON, Judge.
Appellant, the plaintiff in the lower court, sought by her complaint to be put in possession of certain land, and to recover damages and rent from defendants because of their withholding the land. The lower court entered a summary final judgment for the defendants.
The undisputed facts show that the defendants, husband and wife, owned the property as tenants by the entirety and were living thereon. The plaintiff purchased a tax deed upon the property, and the Deputy Clerk of the Circuit Court mailed a single notice of the tax deed sale, addressed to "JOSEPH G. & CLARA L. LaFRANCIS, 2400 Rob Lane, Orlando, Florida." The defendants, by their affidavit, deny that they individually or jointly received the notice. Following proper publication of the Advertisement for Sale, a sale was held at which plaintiff was the highest bidder. She thereafter brought this suit. In its summary final judgment, the lower court states, in part:
"j. The Court finds as a matter of law that the mailing of the notice of the tax deed sale addressed to both defendants at their proper residence and mailed in a single envelope does not comply with the law requiring notice to be sent to the owners of the property and that said notice should have been mailed separately and in separate envelopes to each of the defendants at said address;"
Sec. 194.18, Fla. Stat. 1961, F.S.A., provides, in part, as follows:
"In addition to the publication of the notice provided for by Sec. 194.16 the clerk of the circuit court shall mail a copy of such notice to the owner of the property * * *."
*406 From these undisputed facts, then, there emerges but one issue, that being: Where property is owned by husband and wife as tenants by the entirety, and they are living on the premises, does a single notice addressed to both husband and wife at the proper address constitute compliance with the statutory requirement of written notice being mailed to the owner under a tax sale? The lower court answered this in the negative, and the plaintiff has appealed upon that ground, citing to us one case in which she says the court took a contrary position to the one taken by the lower court. That case is In Re Communipaw Central Land Co., 1953, 26 N.J. Super. 125, 97 A.2d 176. However, the Communipaw case was concerned with a co-tenancy as between two individuals. We find a case of more persuasive authority mentioned in Communipaw, that being McCandless, Inc. v. Schaffer, 1928, 103 N.J. Eq. 170, 142 A. 566. In the Communipaw case the court said:
"It appears from the affidavit that the envelope containing the notice to redeem was directed to Leander Stone and Mrs. Leander Stone and to Henry Frecking and Mrs. Henry Frecking. Defendants say this was defective service relying upon McCandless, Inc., v. Schaffer, 103 N.J. Eq. 170, 142 A. 566 (Ch. 1928). In that case it was held that where a combination address is employed it is notice to the one to whom it is delivered to the exclusion of the other. * * *"
Upon consideration of McCandless, it is noted that the property there was apparently not held by the entireties. But though the decision is distinguishable, the rationale is persuasive. In that case, the clerk usually mailed a separate notice of tax sale to husband and wife. However, in this instance the notice was mailed to both in one envelope. That is, the proof seemed to show:
"* * * that the notice was mailed to Henry and Ella McCandless, to both, not to each. This is not compliance with the statute. The legislative intent is that notice should be brought home to the owner before divesting him of his property, and in providing the precarious method of sending notice by mail, it required the letter be addressed to him at his address, to insure delivery to him. It is only when so addressed that it will be presumed to have been received. A combination address such as here employed was notice to the one to whom it was delivered to the exclusion of the other, and may account for the failure of Henry McCandless to receive it, for about that time he was in domestic difficulty, and * * * he spent little time at home, but got his mail there; * * *."
But regardless of either the Communipaw case or the McCandless case, we have in Florida a decision the rationale of which we consider controlling. As a matter of fact, it is the only case cited by the appellees in their brief. This is the case of Montgomery v. Gipson, Fla. 1954, 69 So.2d 305, where Mr. Justice Roberts, speaking for the court, said:
"Two questions are argued here. The first may be stated as follows: As to property held as an estate by the entirety, will a notice of application for a tax deed to such property which is properly mailed to only one of the spouses be sufficient as a `notice to the owner' required by Section 194.18, supra? We do not think the nature of an estate by the entirety requires that this question be answered in the affirmative as contended by appellant. While it is true, as contended by appellant, that the estate held by the spouses in an estate by the entirety is one per tout and not per my, there are still two owners of the property, and both must join in a conveyance of the property. The provisions of the statute respecting the taking of one's property for failure to pay taxes are drastic enough as it is; and we are not persuaded that the construction of the statute contended for *407 by appellant is either warranted or desirable.
"We hold, then, that a notice of application for a tax deed to property held as an estate by the entirety, as required by Section 194.18, supra, is not sufficient if properly mailed only to one of the spouses."
The Montgomery case can be distinguished from the case at bar, in that there, one spouse received a properly mailed notice of application for tax deed. Nevertheless, the rationale is indistinguishable. As was pointed out in the Montgomery case, "substantial" compliance is not enough in tax deed situations. The statutory requirement of notice was intended for the protection of the citizen; it is jurisdictional; to disregard its every term will render the tax deed void. Ozark Corp. v. Pattishall, 1938, 135 Fla. 610, 185 So. 333. See also, 10 Miami L.Q. 248 (1956); and Hightower v. Hogan, 1915, 69 Fla. 86, 68 So. 669.
It is, therefore, after much deliberation, that we hold that when, as here, a citizen and landowner's property is being sold under a tax deed, the terms of the statute meant to protect that citizen and landowner must be more strictly complied with than in this instance.
No error being made to appear in the order of the lower court, we must affirm.
Affirmed.
ALLEN, Acting C.J., concurs.
WHITE, JOS. S., Associate Judge, dissents with opinion.
WHITE, JOS. S., Associate Judge (dissenting).
I find myself unable to agree with the majority in this case.
There is no denial at this point in the controversy that the notice was, in fact, sent by the Clerk. The sole issue now before the Court is one of law, raised by a motion for Summary Decree, which challenges the legal sufficiency of the use of a "combination address" in mailing the notice, that is, the notice was mailed in a single envelope addressed to both husband and wife. It stands as true that the Clerk mailed the notice and that it was correctly addressed to the place where the husband and wife both lived at all times under the same roof.
Statute 194.18 provides: "The failure of the owner * * * to receive such notice shall not affect the validity of the tax deed issued pursuant to such notice." Obviously, such a rule is necessary since it would be difficult for public authorities to overcome an owner's assertion that the notice had not been received. It should be understood that upon a denial that the Clerk had, in fact, sent the notice, evidence that the owner had not received it would be material and proper.
Attention has been called to three cases upon the subject now before the Court, namely, McCandless, Inc. v. Schaffer, In Re Communipaw Central Land Co., and Montgomery v. Gipson.
In the McCandless case, decided in 1928 by the Court of Chancery of the State of New Jersey, the real estate in question was not owned by husband and wife as an estate by the entirety. It was owned by the husband alone. In the case at bar the real estate was owned by the husband and wife as an estate by the entirety. In the McCandless case, notwithstanding that the real estate was owned by the husband alone, the notice was addressed to the husband and wife. It was not received by the husband, and the Court decided that the "combination address" rendered the notice invalid. It was explained in the Court's opinion that
"about that time he (the owner) was in domestic difficulty, later resulting in divorce proceedings, and he says that he was `floating'; that he spent little time at home, but got his mail there; and when he found that his letters were being opened by his family he put up a *408 letter box in a carpenter shop in the rear of his home where he directed his mail be delivered."
From these circumstances the Court concluded:
"In all likelihood, if it was mailed, Mrs. McCandless (the owner's wife) got the letter and kept it as her own, as was her privilege."
Thus, it appears that the use of a "combination address" resulted in the notice coming into the hands of the wife, a stranger to the title, to the exclusion of the husband, sole owner. Such is not the situation in the case at bar. The owners say here that the notice was not received at all. Under the circumstances in the McCandless case no fault can be found with the Court's ruling. It is logical and sound. However, since the facts in that case are different from those in the case at bar, the ruling should not be accepted as decisive of the question now before the Court.
In the Communipaw case, decided in 1953 by the Superior Court of the State of New Jersey, Chancery Division, neither was the real estate owned by husband and wife as an estate by the entirety. It was owned by Leander Stone and Henry Frecking, as tenants in common. The notices in question were mailed "to Leander Stone and Mrs. Leander Stone and to Henry Frecking and Mrs. Henry Frecking." It was decided that the notices were proper.
The Court distinguished that case from the McCandless case by pointing out that in the latter case it affirmatively appeared that the notice was delivered to one of the addressees to the exclusion of the other, whereas in the former case there was "a reasonable probability that the letters were never delivered as it appears from the affidavit that letters previously mailed and similarly addressed were returned." Notwithstanding the use of the "combination address," as well as the failure to deliver the letters, the Court ruled that the notices were proper, since it was found that there had been strict compliance "with all of the requirements of the act relating to redemption."
There is no way to know what would have been the result in the McCandless case had the real estate been owned as an estate by the entirety. However, it cannot be said with good reason that the result in the Communipaw case would have been different had that been a fact then before the Court. Undoubtedly, the result would have been the same, and a case similar to the one now before the Court would be presented.
In the Montgomery case, decided in 1954 by the Supreme Court of Florida, the real estate was owned by husband and wife as an estate by the entirety. The notice was mailed to the husband alone. The Court ruled that the notice was invalid. No fault is to be found with this decision. It is logical and sound. The problem now before the Court is different and calls for an entirely different discussion.
There are many instances today of bank accounts, stock brokerage accounts, business accounts and other transactions in which husband and wife participate jointly. As a result, letters relating to important business transactions are frequently received in homes addressed to both husband and wife. For many years this has been the procedure in many, if not all, of the offices of Tax Collectors and Clerks of the Circuit Court throughout Florida. There seems no good reason to condemn the practice in this case and thus require public officials to depart from universal business usage.
The fact that the practice might result in the situation condemned in the McCandless case, where the notice fell into the hands of one spouse to the exclusion of the other, is no valid premise for a decision here. Such a position is based upon speculation. If speculation is to be indulged, one might just as well assume that the same thing would happen if notices were mailed in separate envelopes addressed to each spouse, individually, both residing under the *409 same roof. A spouse, being so ill advised or evilly disposed to act thus in the one case, might just as well be expected to act the same in the other. Furthermore, such an argument ignores the clear mandate of the Legislature: "The failure of the owner * * * to receive such notice shall not affect the validity of the tax deed issued pursuant to such notice."
I would reverse. Therefore, I respectfully dissent.