**O'FLARITY v. GURLEY, et al.**

No. 60-180-L.

Circuit Court, Duval County.

April 6, 1964.

Black, Cobb, Cole & Crotty, Daytona Beach, for plaintiff.

Lacy Mahon, Jr. of Mahon & Stratford, Jacksonville, for defendant administratrix.

TYRIE A. BOYER, Circuit Judge.

On June 13, 1961, the plaintiff, Gloria M. O'Flarity, obtained a final judgment against the defendant, Harry D. Gurley, Jr., which was filed by the clerk of the circuit court on June 13, 1961, and recorded in volume 1297, page 465 of the official records of Duval County. On January 31, 1962, a writ of execution was issued on the judgment which was docketed with the sheriff of Duval County on February 7, 1962. By letter dated December 31, 1963, the sheriff received instructions from the plaintiff to levy upon certain specifically described real estate in Duval County in which the defendant allegedly owned an undivided fee simple interest. On January 31, 1964, the sheriff caused to be published in an appropriate newspaper meeting the statutory requirements a notice of sale describing the property, giving notice that it would be sold pursuant to the execution during the legal hours of sale on March 2, 1964. The sheriff, at no time, either before publication of the notice or subsequent thereto, went upon the property, nor did he post any sign thereon, nor did he perform any other overt act incident to levy under the execution. It is clear and uncontradicted from the testimony of the deputy sheriff under whose charge the responsibility of levy, publication and sale was reposed, that the sheriff and his deputy considered the act of arranging for the publication of the notice of sale as constituting a levy on the property under the execution, and that no other act was taken incident to levy by the sheriff or his deputy. On February 10, 1964, after the execution was docketed by the sheriff and after the commencement of the publication of the notice of sale, but prior to the sale date set forth in the notice, Harry D. Gurley, Jr. died.

On Friday, February 28, 1964, upon ore tenus motion of the attorneys for the administratrix of the estate of Harry D. Gurley, Jr., deceased, this court entered an order temporarily staying the sale which was set for the following Monday. A subsequent order was entered at 10:45 A. M. on March 2, 1964, (which order was filed herein on March 4, 1964) by which the order of February 28, 1964, was vacated and set aside. However, said latter order stayed and cancelled the sale, but provided that upon request of the plaintiff the sheriff should again publish notice of sale. The order further provided, pursuant to stipulation between the par-

ties, that the staying of the sale should in no wise affect the execution and levy upon the judgment pursuant to which said stayed notice of sale had been published, and that the cost of republication would be taxed against the administratrix.

On March 6, 1964, the sheriff, pursuant to request of the plaintiff, again caused to be published a notice of sale, advertising sale upon the execution and judgment for April 6, 1964.

No further levy was made prior to said publication, the sheriff deeming the arranging for the publication of the notice of sale to be sufficient to constitute a levy.

On March 25, 1964, the administratrix filed herein a petition praying for an order permanently staying and cancelling the execution issued upon the judgment above referred to and the sheriff's sale as advertised. The plaintiff responded with a motion to strike and to quash the petition.

The administratrix concedes (for the purposes of this suit and this order only) that if the sheriff received the execution prior to the death of the defendant (which is uncontradicted) and if the sheriff levied upon the real property described in the notice of sale prior to the death of the defendant (which is denied by the administratrix) then the plaintiff has a specific lien upon the specific real property herein involved and described in the notice of sale, and is entitled to have the sheriff proceed with the sale as advertised.

On the other hand, the administratrix contends that if the sheriff's levy under the execution was invalid then there can be no valid sale based thereon and the sale as advertised should be stayed and cancelled.

The administratrix further contends that unless the plaintiff had a lien against the specific property described in the notice of sale prior to the death of the defendant, to-wit: unless the execution and levy were validly perfected prior to the death of the defendant then by virtue of Florida Statute 733.19 the plaintiff is relegated to the position of a claimant against the decedent's estate and must file his claim in the pending probate proceeding in the county judge's court of Duval County, and may not proceed with the proposed sale as advertised.

It is apparent that the first question to be answered is whether or not the sheriff's act of procuring the publication of a notice of sale describing the specific property herein involved, in the absence of any other overt act, constituted a "levy" within the intent and meaning of that word and term as used in the statutes and laws of the state of Florida.

Florida Statute 30.30 provides in part as follows —

"(1)    Whenever any writ, issuing out of any court of this state, shall be delivered to a sheriff, commanding him to levy upon property specifically described therein, it shall be his duty to levy upon such property; and, if no property is specifically described, then he shall levy upon the property assessed against the defendant on the current tax rolls ***".

"(3)    If the sheriff, in attempting to execute any writ describing specific property, *shall find it in the possession of anyone, other than the defendant*, who is claiming the ownership or the right to possession thereof, the sheriff, *** may require the plaintiff suing out the writ to furnish a bond ***". (Italics added.)

It would appear that the legislature, in passing Florida Statute 30.30, intended that the levy under the writ should constitute some act apart from the mere publication of a notice of sale, otherwise how could he "find it in the possession of anyone, other than the defendant"?

It is to be further noted that Florida Statute 55.20 provides in part that — "lands and tenements *** shall be subject to *levy* AND *sale* under execution. ***". (Italics added.)

Again, it would appear that the legislature intended to make a distinction between the terms "levy" and "sale".

Florida Statute 55.49 also distinguishes between levy and sale by providing that —

"Whenever it shall be made to appear *** that there is an unsatisfied execution *** in the hands of an officer whose duty it is to make levy of execution, and that the officer refuses to make levy upon property liable thereto, *** *or having made levy* such officer refuses to *advertise* and *sell* the property levied upon, the plaintiff in execution shall be entitled to an alternative writ of mandamus ***". (Italics added.)

In 13 Fla. Jur., Executions §41, is found the following —

"At common law, a levy on goods consisted of an entry on the premises where they were and either leaving an assistant in charge of them or removing them after taking an inventory. Today, courts differ as to what is a valid levy, but by the weight of authority there must be *an actual seizure or constructive seizure* of the goods. *The execution officer must interfere with the possession of the property in such manner that he would be amenable to an action for trespass were it not for the protection afforded him by the writ.*" (Italics added.)

Certainly, the mere publishing of notice of sale, in the absence of any other act on the part of the sheriff, would not constitute an interference with the possession of the property in such a

manner that the sheriff would be amenable to an action for trespass were it not for the writ.

No guides have been furnished by the appellate courts of this state as to exactly what act or acts are necessary in order to levy upon property subject to an execution. Therefore, without attempting to prescribe an exact formality or procedure for levying, this court does hold that the mere publishing of a notice of sale *without any other formality or act* is insufficient to effect a levy upon specific property subject to execution.

Having held the levy to be invalid, or — accurately speaking — having found there to be a complete absence of levy, a fortiori, the advertised sale based upon the defective levy or absence of levy, would be ineffective and void; therefore the said sale should be stayed and cancelled.

The second and more troublesome question to be answered is whether there may now, after the death of the defendant, be a levy and sale upon the execution issued upon the judgment hereinabove referred to.

There has been no attack upon the execution per se, nor has there been (for the purposes of this order) any attack upon the right of the plaintiff to levy upon the specific real property described in the notice of sale. The controversy, therefore, revolves around an interpretation of Florida Statute 733.19, which reads as follows —

"No execution shall issue upon or be levied under any judgment against a decedent or against the personal representative, nor shall any levy be made against any property, real or personal, of the estate of a decedent. Claims upon all judgments against the decedent shall be filed in the same manner as other claims against estates of decedents; provided, however, that the provisions of this section shall not be construed to prevent the enforcement of mortgages, pledges, liens or claims to specific property, real or personal."

The query is whether a judgment entered, filed and recorded, upon which execution is issued prior to the death of a defendant, constitutes a lien against specific property, within the intent and meaning of the proviso set forth in F.S. 733.19 when there has been no valid levy prior to the death of the decedent, viz — May the plaintiff in the instant suit proceed now to have levy upon the property described in the notice of sale referred to in the first part of this opinion, or must the plaintiff (judgment holder) now file a claim against the decedent's estate in the same manner as other claims against estates of decedents?

Counsel for the respective parties have furnished the undersigned judge with citations to numerous Florida cases and texts,

all of which have been read and carefully studied. Though most of the cases cited do touch upon similar situations, none are directly in point.

F.S. 55.10 provides that upon a judgment being recorded in accordance with law it shall become a lien on the real estate of the defendant in the county in which recorded. As heretofore stated there has been no attack upon the judgment itself nor the recordation thereof, accordingly (for the purposes of this order) the judgment and recordation thereof and the execution issued pursuant to said judgment are presumed valid; therefore, pursuant to the statute last above cited the plaintiff's judgment became a lien upon the defendant's real estate in Duval County prior to the death of the defendant.

In Pasco v. Harley, 73 Fla. 819, 75 So. 30, the court was concerned with the question as to whether or not a judgment upon which execution was issued *and levied* against specific real property was invalidated by the property subsequently becoming homestead, the defendant having become married *after* the levy on the execution. If such were the chronology of the case at bar no problem would be presented. It is also distinguishable for the reason that the court was not there faced with an interpretation of Florida Statute 733.19. Said case *is* authority for the proposition that "a statutory lien is as binding as a mortgage, and has the same capacity to hold land so long as the statute preserves its force".

Desiderio v. D'Agostino, Fla. 173 So. 682, is of equally little help as there the plaintiff's statutory lien had been perfected by levy of attachment "in due course of legal procedure" *during* the defendant's lifetime.

Though Kimball v. Jenkins, 11 Fla. 111, contains language which, if construed literally, would require the construction that a judgment lien attaches as a specific lien on all lands owned by the decedent at the time of docketing the execution with the sheriff, nevertheless it is apparent that such language, as applied to real estate, is obiter dictum as there the court was considering the effect upon personal property (20 bales of cotton) of an execution delivered to the sheriff. It is obvious that since the passage of F.S. 55.10 personal property and real property stand in entirely different categories, as said statute, by its terms, applies only to real property.

In 13 Fla. Jur., Executions §36, we find the following language —

"*** but an execution is a lien only on such property as the writ may be levied, and property not subject to levy is not bound by the lien of an execution." (Citing Evins v. Gainesville National Bank, 80 Fla. 84, 85 So. 659, and George E. Sebring Co. v. O'Rourke, 101 Fla. 885, 134 So. 556)

The cited cases have been examined by the undersigned judge and are found to substantially support the statement contained in the text. Thus, the question under consideration may be reduced to — "Is the property in a decedent's estate upon which levy was not effected prior to the death of the decedent 'subject to levy', to-wit: Does Florida Statute 733.19 render such property *not* subject to levy?" We find a statement in another portion of the text last above cited which would appear to categorically answer the question in the negative, to-wit —

" *** by statute, however, executions may not issue or be levied against property in the estate of the decedent and claims on judgments are generally required to be filed in the same manner as are other claims against the estate. Accordingly, the death of the judgment debtor operates to prevent a levy of execution based upon such judgment against such property in his estate. Execution will not be stayed for this reason, however, if the claim was perfected as a legal charge against the property during the lifetime of the decedent". (13 Fla. Jur., Executions §4)

Again the undersigned judge has examined and studied each of the cases cited in support of the last above quotation and finds that the case cited in support of the last sentence thereof (Desiderio v. D'Agostino, supra) is not authority for quite such broad a statement. In any event, Desiderio is clearly distinguishable from the case at bar for the reasons already hereinabove discussed.

A careful examination of the case cited in support of the second sentence contained in the above quotation (Cumberland & Liberty Mills v. Keggin, Fla., 190 So. 492) reveals that such case is authority for such statement and that case appears to be controlling of the case at bar. In the Cumberland case the Supreme Court of Florida had occasion to construe the very statute here involved, to-wit: F.S. 733.19. In that case a judgment was entered against one Keggin in 1923 during his lifetime and while he was the head of a family. Keggin died in 1935. Execution was issued in 1936. No claim was presented on the judgment in the probate proceeding. In due course a levy was made upon real estate owned by the decedent at the time of his death. The lower court, upon appropriate proceedings, enjoined the sale. The Supreme Court stated the question there presented as follows —

" 'Does the failure to file a proof of claim by a judgment creditor in the probate of the estate of its judgment debtor bar its right following the administration of said estate to levy upon property upon which its judgment attached and became a lien at the time of its rendition?' "

The court after carefully considering Florida Statute 733.19, and particularly the proviso by which said statute is concluded, held — "it is clear that such enactments forbid executions to be issued upon *or levied under* any judgment against a decedent, and forbids *any levy* to be made against any property of the estate of the decedent; and commands that claims upon all judgments against the decedent shall be filed in the same manner as other claims against estates of decedents". The court further held that the "proviso *does not include* liens of judgments obtained as in this case against the decedent in his lifetime." (190 So. 494, 495)

So it is, that this court holds that when a judgment is entered against a defendant during his lifetime, and execution is issued and levy effected upon specific real property prior to the death of the defendant such judgment then becomes a lien on specific property within the contemplation and meaning of the proviso set forth in F.S. 733.19 and the judgment creditor may enforce his lien by sheriff's sale upon the levy and execution pursuant to said judgment and need not file a claim against the decedent's estate — but, when the execution is not issued until after the death of the defendant *or* where a valid levy is not made on specific real property until after the death of the defendant, then the proviso set forth in F.S. 733.19 does *not* become effective against the lien of such judgment; and, as required by said statute, the claim upon such judgment must be filed in the same manner as other claims against estates of decedents and no execution shall issue or be levied against any property of the estate of the decedent.

For the reasons hereinabove stated the plaintiff's motion to strike and quash petition will be denied and the administratrix' petition for an order, pursuant to F.S. 55.37 and 55.38, staying and enjoining the sale upon the execution against the property owned by the decedent at the time of his death and now in the possession of the administratrix, will be granted. An appropriate order, in conformity with the reasoning set forth in this opinion, will be entered forthwith.