PHILLIPS, CHARLES M., Associate Judge.
The Appellant, MID-STATE HOMES, INC. was the Plaintiff below and appeals the Final Decree in favor of Defendant Appellee.
On August 1, 1961 MID-STATE bought Lot 10 in Block B of Carrie E. Smith’s subdivision in Section 24, Township 18 South, Range 26 East in Lake County, Florida. In 1962 the Defendant PROSSER purchased tax certificate #420 upon the subject land and subsequently was issued a tax deed thereupon. This suit ensued in January of 1965.
The Lake County tax roll for 1962 carried 26 parcels of land in the name of MID-STATE. For 25 of these parcels MIDST ATE’s address was “Post Office Box 9128, Tampa, Florida.” For the subject parcel, MID-STATE’s address on the tax roll was “1500 North Dale Mabry Highway, Tampa, 7, Florida”.
Appellant invokes section 194.18 Florida Statutes, F.S.A. and insists that strict compliance therewith is required by law since it is the kind of statute governing notice, to be given in a procedure that affects the alienation of title to real property. MID-STATE further contends that the Clerk charged with giving notice thereunder does not have the authority to use his discretion to send notice to a land owner’s address listed elsewhere on the tax roll, to a more convenient address, to a better address, or to any address other than the specific one listed upon the tax roll for the particular property in question. Counsel for MID-STATE argues that an owner may have many cogent reasons for listing different, addresses for different properties, one of which is that various persons leasing various properties from one owner may have agreed to pay taxes upon respective parcels. There certainly exist additional reasons, valid but personal to other land owners,! which reasons are beyond our present abil-; ity to enumerate.
We are persuaded by Appellant’s argument and by his interpretation of the statute. We also feel that Appellant’s position is consistent with this Court’s ruling in A1-per v. LaFrancis, Fla.App., 155 So.2d 405, and the cases cited with approval therein.
Accordingly, the Final Decree entered by the lower court is reversed and entry of a Decree consistent with- this Opinion is hereby directed.
Reversed.
ALLEN, C. J., and LILES, J., concur.