OWEN, Judge.
We have consolidated these appeals because they involve the identical issue, namely, whether a judgment creditor who has perfected garnishment of the judgment debtor’s bank account while the debtor is alive, is thereafter precluded by F.S. Section 733.19, F.S.A.[1] from proceeding to final judgment in garnishment upon the death of the judgment debtor.
When the marriage of the Humphreys was dissolved by a final judgment dated January 31, 1972, the wife was awarded a judgment against the husband in the sum of $29,450.00. In April, she sought and obtained a writ of garnishment against Boca Raton Federal Savings & Loan As-' sociation, and a similar writ against First Federal Savings & Loan Association of Delray Beach. Both writs were served on April 10, 1972, and within the required period each garnishee answered, acknowledging an indebtedness to Mr. Humphreys in a specified sum (the aggregate of which was less than the amount of the judgment) by virtue of one or more savings accounts in his name in the respective institutions. The husband filed no traverse or motion to dissolve the writs of garnishment, nor did he seek to stay or supersede the final judgment of January 31, although he did take a timely appeal therefrom. On September 8, 1972, the wife gave notice of hearing for judgment and execution against the two garnishees, set for September 13th. For some reason, the hearing was not held at that time, and before the matter could be re-noticed, the husband died testate on September 25th. The executor of the husband’s will was substituted as a party and promptly filed a motion to dissolve the writs of garnishment on the grounds that the same were prohibited by F.S. Section 733.19, F.S.A. The motion to dissolve the writs was denied and thereafter final judgment was entered against each garnishee in the respective amount of the savings accounts held by it.
Under the facts of this case as we have outlined them briefly, we conclude, on the authority of Desiderio v. D’Agostino, 1937, 127 Fla. 377, 173 So. 682 (relied upon by the trial court), that the provisions of F.S. Section 733.19, F.S.A., would not apply so as to preclude entry of final judgment in the garnishment actions. The judgments are severally affirmed.
Affirmed.
REED, C. J., and CROSS, J., concur.

. § 733.19 Execution and levies prohibited. — “No execution shall issue upon or be levied under any judgment against a decedent or against the personal representative, nor shall any levy be made against any property, real or personal, of the estate of a decedent. Claims upon all judgments against the decedent shall be filed in the same manner as other claims against estates of decedents; Provided, however, that the provisions of this section shall not be construed to prevent the enforcement of mortgages, pledges, liens or claims to specific property, real or personal.”