**HILLIER, et ux v. COHEN, et al.**
No. 76-7361 (Div. 4)
Circuit Court, Dade County.
April 7, 1977.

Norman A. Sand, Miami, for the plaintiffs.

Herman Cohen, Miami, for the defendants Cohen and Baron.

E. Wilson Crump, II, Tallahassee, for the defendant Department of Revenue.

FRANCIS J. CHRISTIE, Circuit Judge.

*Findings of fact, conclusions of law and final judgment:* This cause came on for trial before the court on February 17, March 11 and March 14, 1977 upon plaintiffs' complaint to cancel and set aside sheriff's deed and for constitutional and other relief, against the defendants, Department of Revenue of the State of Florida, and Phyllis Cohen and Marylin S. Baron. The parties will be referred to in this judgment as plaintiffs or their proper names, Revenue Department and Cohen and Baron. The complaint sought the setting aside and cancellation of the sheriff's sale and deed issued thereon to Cohen and Baron dated February 25, 1976; a declaration that Section 212.15(3) (amended to this statute during the course of suit pursuant to stipulation and order) and Sections 56.21 et seq., Florida Statutes, are void upon their face and as applied to plaintiffs, null and void, unconstitutional and ineffective and without force of law; an adjudication that required documentary and surtax stamps were affixed to the transaction alleged in the complaint, and that no additional amounts are or were due, and costs. The complaint was at issue upon the answers of said defendants, and the court having heard the testimony and other evidence adduced, and having considered the evidence presented and arguments of counsel finds and decides as follows —

### Findings of fact

1. On May 14, 1973, the plaintiffs purchased the Hialeah real estate described in this judgment from Oscar Torres and Madelin Torres, his wife, for $30,000. The Torres had an agreement for deed with Ed Lunsford Luxurious Apts., Inc. and at a single and simultaneous closing attended by all of the above and/or their attorneys, a fee simple deed to the property was delivered to the Torres, and a quit claim deed by the Torres to plaintiffs, then represented by attorney Warren Bishop. The property was purchased for investment purposes, and was improved with a dwelling house, now occupied by a tenant.

2. Documentary and surtax stamps based on a purchase price of $30,000 were affixed to the fee simple deed and nominal stamps affixed to the quit claim deed at recording on May 22, 1973, and the two instruments were recorded together.

3. Just prior to October 4, 1973, an examiner of the Revenue Department, in the course of examining public records, noted the recorded quit claim deed from Torres to "Joseph F. Hillier and Virginia L. Hillier, his wife," quit claiming the Torres interest in the Hialeah real estate, and that it bore a minimum amount of documentary stamps. No reference to or notice of the simultaneous recording of the fee simple deed to Torres was taken by the examiner.

4. The examiner noted an "Exception" against "Joseph F. Hillier & wife" and made inquiry for the consideration for the deed to "Joseph F. Hillier & wife," care of the scrivener of the deed, whose name and address appeared upon the face of the deed, later found to be the attorney for the Torres.

5. A consideration of $30,000 was indicated upon the Revenue Department's form returned by the Torres' attorney, and the quit claim deed was deemed by the Revenue Department to have incomplete stamps upon it. Payment of additional stamp taxes and penalty was thereupon demanded, which demand was made to "Joseph F. Hillier & wife," care of the Torres attorney.

6. No response or payment was received to this demand, and a notice of assessment was issued against and sent to "Joseph F. Hillier & wife," care of the Torres attorney.

7. Again no response or payment was received and a tax warrant for $241.90 and execution were informally issued by the Revenue Department against "Joseph F. Hillier & wife," and notification given to "Joseph F. Hillier & wife," care of the Torres attorney, that the warrant and execution would formally issue if not paid within ten days.

8. Upon non-payment thereafter, the warrant for $241.90 was recorded in the public records of Dade County, as provided by Section 212.15(3), Florida Statutes, and the execution delivered to the sheriff of Dade County.

9. Execution was not perfected and on or about March 19, 1974, the Revenue Department was notified to this effect by the Sheriff's Department, and told that the writ was being held in their file, and that the Torres' attorney did not represent "Joseph F. Hillier & wife."

10. On or about the latter part of May, 1975, some 15 months after issuance of the warrant, the plaintiff, Joseph F. Hillier, received the advice of his bank, in the course of financial deal-

ings, that reference to a delinquent tax or debt of some $200 appeared in his personal financial report. He thereupon referred the matter to his attorney, Warren Bishop, with the comment that he did not owe any such debt.

11. Attorney Bishop wrote a letter on June 2, 1975 to the Revenue Department, after obtaining information from his title company that a tax warrant for $241.90 had been recorded arising out of the above real estate transaction, enclosed the pertinent real estate documents, advised of the facts surrounding the transaction, and questioned whether a mistake had been made by the issuance of the warrant. The Revenue Department was, at that time, placed upon notice that plaintiffs were represented by attorney Bishop.

12. On June 9, 1975, the Revenue Department responded to attorney Bishop and denied that a mistake had been made. Attorney Bishop unequivocally denied that he received this response and assumed the matter had been corrected.

13. A tax examiner of the Revenue Department thereafter examined the Dade County courthouse records and determined that the plaintiffs' Hialeah real estate contained sufficient equity to satisfy the tax warrant of record for $241.90, and on January 6, 1976, instructions for levy were issued by the Revenue Department directing the sheriff of Dade County to levy upon the Hialeah property of "Joseph F. Hillier & wife," and delivered with the instructions was a copy of the Revenue Department's execution against "Joseph F. Hillier & wife," and a certified copy of the quit claim deed to the property upon which levy was requested.

14. Upon receipt of the instructions for levy and accompanying papers, Lieutenant Lamont of the Sheriff's Department noted the execution was in the name of "Joseph F. Hillier & wife," and the deed was in the name of "Joseph F. Hillier and Virginia L. Hillier, his wife," told the Revenue Department of the difference in the names, and asked for an affidavit that "Joseph F. Hillier & wife" and "Joseph F. Hillier and Virginia L. Hillier, his wife," were one and the same.

15. The Revenue Department caused the public records of Dade County to be researched by a Revenue Departmant examiner, and an affidavit as requested, was given to Lieutenant Lamont.

16. Lieutenant Lamont made no further inquiry or request for advice, deemed such further inquiry or advice unnecessary and published notices of levy and sale. Courtesy notices of levy and sale were also mailed to "Joseph F. Hillier" at the property

address, returned "addressee unknown," and on February 25, 1976, the plaintiffs' property was sold for $1,060 to the defendants, Phyllis Cohen and Marylin S. Baron, and on the same date, a sheriff's deed to the property issued to them.

17. On February 27, 1976, the tenant of plaintiffs' real estate was given notice by Herman Cohen, attorney for Cohen and Baron, that the property had been sold through judicial sale, and rent payments should be made to him. The tenant furnished the letter to plaintiffs' rental agent and the letter thereafter was delivered to plaintiffs, who then received their first notice that their Hialeah property had been sold, and consulted their attorney.

18. The sheriff of Dade County disbursed from the sale proceeds, $241.90 to the Revenue Department and the lien of the tax warrant was satisfied of record by the Revenue Department. The overbid at sale of $748.25 was attempted to be paid to "Joseph F. Hillier & wife" by transmittal to attorney Bishop, and refused and returned to the sheriff of Dade County who now holds the same.

19. The Revenue Department made no attempt at any time to give notice of an alleged tax delinquency or proposed sale of plaintiffs' real estate to the plaintiffs except by notice to "Joseph F. Hillier & wife," care of the Torres attorney.

20. The Revenue Department made no attempt to find an address for the Hilliers except by reference to the telephone directory, and found no listing.

21. The Revenue Department, prior to sale of plaintiffs' property, had in its files at least seven deeds to other real estate properties owned by plaintiffs either alone or with their daughter and son-in-law, each deed containing their present Miami residence address, their son-in-law's address, or out-of-state address of plaintiffs to which notices could have been directed.

22. The plaintiffs maintained an information operator telephone listing through which their local telephone number could have been found, although plaintiffs were not listed in the local telephone directory, as hereinbefore noted.

23. The Tax Assessor of Dade County mailed real estate tax bills to the plaintiffs' mortgagee, Community Federal Savings & Loan Association, Hialeah, during the period in question, which could have furnished plaintiffs' mailing address to the Revenue Department. Personal property tax returns were also filed for plaintiffs' real estate in the name of "Lady Janeen Apts." care of

plaintiffs' son-in-law, who also could have furnished plaintiffs' mailing address.

24. No demand for payment of $241.90 or notice that plaintiffs' property would be sold in lieu of payment was given to attorney Bishop either in the letter of the Revenue Department dated June 9, 1975 (which attorney Bishop denied receiving), or at any time thereafter.

25. No one from the Revenue Department visited the Hialeah property at any time, and no notices were mailed to the property address except the courtesy notices of levy and sale mailed by the sheriff, hereinbefore noted returned "addressee unknown."

26. Each and every document in this proceeding was directed against "Joseph F. Hillier & wife," although the property sold was titled as "Joseph F. Hillier and Virginia L. Hillier, his wife."

27. Notwithstanding the notice given by the Sheriff's Department to the Revenue Department of the difference in names between the warrant and execution and quit claim deed to plaintiffs, no amendment of the warrant and execution to reflect the true name of plaintiff, Joseph F. Hillier's wife, was ever made.

28. No notice of sheriff's sale was given to plaintiffs except constructively by publication, in which publication, notice was directed that the interest of "Joseph F. Hillier & wife" in and to the real estate was being sold as the property of "said defendants" to satisfy the tax warrant.

29. The sheriff did not visit the real property under levy and sale at any time, restricting his levy and sale procedure solely to publication.

30. The real estate is approximately valued at $30,000 and was encumbered by an existing mortgage of approximately $23,000, at time of sale.

31. The tax warrant upon its face, evidences its issuance under Section 205.121, Florida Statutes, a repealed statute at the time of issuance.

32. Section 212.15(3), Florida Statutes, is a tax collection statute, must be strictly complied with and construed, and taxes can be collected in accordance with its procedure only in the prescribed statutory method.

33. The notice given to plaintiffs at all stages of these proceedings was a mere privilege extended inappropriately, inadequately, unfairly and unreasonably.

## Conclusions of law

1. The sale price at sheriff's sale of $1,060 was inadequate and unconscionable when coupled with and resulting from the totality of mistakes, accidents, misconduct and irregularities upon the part of the Revenue Department and the Sheriff's Department, and with the resulting injustice to plaintiffs warrants the equitable relief of this court and the setting aside of the sheriff's sale held on February 25, 1976, and the sheriff's deed issued to Cohen and Baron on the same date. *Arlt v. Buchanan,* 190 So.2d 575 (Fla. 1966).

2. In attempting to create a lien by tax warrant upon the property of "Joseph F. Hillier and Virginia L. Hillier, his wife," an estate by the entireties, pursuant to Section 212.15 (3), Florida Statutes, for an alleged tax delinquency against "Joseph F. Hillier & wife," such warrant is void. See generally: *Ahrenholz v. Green,* 127 So.2d 139 (Fla. 3d DCA 1961).

3. In failing to cite and designate both plaintiffs by name and not mere description, as the record owners of the property under warrant and execution, and sold by the sheriff, the sheriff's deed issued to Cohen and Baron is void. Compare *Montgomery v. Gipson,* 69 So.2d 305 (Fla. 1954) and *Alper v. LaFrancis,* 155 So.2d 405 (Fla. 2d DCA 1963) with *Brecheen v. State,* 89 S. W. 2d 259 (Tex. C.A. 1936).

4. Section 212.15(3), Florida Statutes, does not expressly provide for the *sale* of real estate as part of its collection procedures, and the sale of plaintiffs' real estate pursuant to that statute and the deed given thereon to Cohen and Baron, is a nullity and void. See *State v. Gay,* 35 So.2d 403 (Fla. 1948).

5. The court finds it unnecessary to the decision of this case that ruling be made upon the constitutionality upon its face of Section 212.15(3), and Sections 56.21 et seq., Florida Statutes. The court determines, however, that the application of said statutes to the plaintiffs under the facts and circumstances herein constitute a denial of procedural due process of law guaranteed by the constitution of the state of Florida, and the United States, and as so applied are void. See: *Fiehe v. R. E. Householder Co.,* 98 Fla. 627, 125 So. 2 (1930) and *Tomayko v. Thomas,* 143 So.2d 277 (Fla. 3d DCA 1962).

6. The publication of notice of levy and sale by the sheriff of Dade County without the sheriff visiting the real estate to determine if such real estate was in the possession of anyone other than plaintiffs, was insufficient to effect a levy upon plaintiffs' property, and such levy and the sale based upon such levy were ineffec-

tive and void and should be cancelled. *O'Flarity v. Gurley,* 22 Fla. Supp. 196 (Cir. Ct. Duval County 1964).

7. Documentary and surtax stamps were properly affixed to the fee simple deed and quit claim deed delivered and recorded in this cause as part of a single, simultaneous transaction.

## Final judgment

Upon the foregoing findings of fact and conclusions of law, it is ordered and adjudged —

1. The sheriff's sale held on February 25, 1976 and the sheriff's deed dated February 25, 1976 to the defendants, Phyllis Cohen and Marylin S. Baron, recorded on March 1, 1976, in official records book 9250, page 28, public records of Dade County, Florida, to the following described property —

[legal description omitted]

be and the same are hereby cancelled, vacated, set aside and held for naught, and the clerk of this court be and he is hereby directed to make a marginal notation upon the official record of the deed described above, that said deed is cancelled pursuant to this judgment.

2. E. Wilson Purdy, as sheriff of Metropolitan Dade County, be and he is hereby authorized and directed to disburse to the defendants, Phyllis Cohen and Marylin S. Baron, the overbid at sheriff's sale of $748.25.

3. The defendant, Department of Revenue of the State of Florida, shall cause to be paid to the defendants, Phyllis Cohen and Marylin S. Baron, by claim for refund, if filed by said defendants, such sum as shall be sufficient to refund the difference between the overbid sum to be paid by paragraph 2 of this judgment, and the bid price at sale of $1,060, so as to make said defendants whole.

4. The attorney for defendants, Phyllis Cohen and Marylin S. Baron, Herman Cohen, shall, within 15 days of the date of this order render an accounting to plaintiffs of all rents collected and authorized expenses paid, during the pendency of this proceeding, pursuant to stipulation for collection and disposition of rents, and order approving stipulation dated March 17, 1976.

5. Jurisdiction is hereby reserved to effectuate the above provisions and enter such further orders as may be equitable, appropriate and just, and for the purpose of taxing costs, at a hearing to be hereafter scheduled.