387 So.2d 457 (1980)
Andrea WEISS and Dagmar Wurstl, Appellants,
v.
PRUDENTIAL ENTERPRISES, INC., a Florida Corporation, Appellee.
No. SS-248.
District Court of Appeal of Florida, First District.
August 14, 1980.
*458 Joseph M. Ripley, Jr. of Ripley, Rich & Brim, Jacksonville, for appellants.
Granvill C. Burgess of Jacobs, Burgess & Poole, Fernandina Beach, for appellee.
McCORD, Judge.
Appellants seek review of a final summary judgment which upheld a tax sale of property previously owned by appellants and quieted title in appellee. The clear language of § 197.256(1), Fla. Stat., mandates reversal.
In 1971, appellants purchased the parcel of property in question which is in Nassau County, Florida. On the recorded conveyance, appellants' address was shown as Schmeideweg 33, 3301 Mascherode, West Germany. Prior to the mailing of the 1972 tax bill, that address, which had been placed on the tax rolls for Nassau County, was changed on the tax rolls of the property appraiser to 3183 Fallersleben, Paullinckester 30, West Germany. Taxes for the years 1971 through 1976 were paid on the property except for the 1974 and 1976 taxes. Certificates were issued for delinquent taxes for those years. In July 1977, the Nassau County Board of County Commissioners surrendered the 1974 certificate and made application for the issuance of a tax deed. The clerk of circuit court commenced the statutory procedures for sale of the outstanding certificate and issuance of the tax deed. As part of those procedures and pursuant to § 197.256(1), Fla. Stat., the clerk sent a notice of the tax deed application and a warning notice to appellants by registered U.S. Mail at the Paullinckester address, the address shown on the tax rolls. Appellants did not receive the notices, which were returned undelivered to the clerk. The land was sold in October 1977 at public sale to appellee. In 1979, appellee instituted the instant action for the purpose of quieting title. Notice of this action in the form of a letter from appellee's counsel to appellants was sent to the Paullinckester address and was received by appellants. Appellants do not dispute that the Paullinckester address was their address from 1972 through 1977.
Appellants and appellee moved for summary judgment in the trial court. Appellee's motion relates that the address on the tax roll was not changed from 1972 through the date of sale to appellee in 1977. The court granted appellee's motion.
Section 197.256(1), Fla. Stat., requires that prior to holding a tax sale of property, the clerk of the circuit court shall notify, by certified mail with return receipt requested, the legal title holder and lienholders of record of the property. The notice, according to the statute, shall be sent to:
... the address of the owner [which] appears on the record of the conveyance of the lands to the owner, or, if the address of the owner does not appear thereon, then the notice shall be mailed, by certified mail with return receipt requested, to the owner to whom the property was assessed on the tax roll for the year in which the property was last assessed, or, if the name and address of such person does not appear, thereon, then the notice shall be mailed, by certified mail with return receipt requested, to the person last paying taxes upon the lands.
As stated above, the record shows that the notice in this case was not sent to the address listed on the conveyance of the property even though that address was complete. The notice was sent to the address listed on the tax roll of the property appraiser's office.
Because the address listed in the tax roll was undisputably the more current address of appellants, the decision rendered by the trial court reaches the best result in this case. However, the clear provisions of § 197.256(1), Fla. Stat., mandate that we reverse. That statute requires that notice be sent to the owner's address listed on the deed if the address is listed. The statute directs that notice be sent to the address on the tax roll only when the address does not appear on the deed. The statute makes no provision for the clerk to depart from its instructions even when to do so would result in sending the notice to a correct address *459 rather than an obsolete one. The Supreme Court and the various district courts of appeal have repeatedly held that strict adherence to the statutory notice requirements in relation to issuance of a tax deed is essential to the validity of the deed. See Montgomery v. Gipson, 69 So.2d 305 (Fla. 1954); Stubbs v. Cummings, 336 So.2d 412 (Fla. 1st DCA 1976); Alper v. LaFrancis, 155 So.2d 405 (Fla. 2d DCA 1963); Edgewood Boys' Ranch v. Ernst, 376 So.2d 30 (Fla. 3d DCA 1979); Mid-State Homes, Inc. v. Prosser, 196 So.2d 775 (Fla. 2d DCA 1967).
The clerk's failure to comply strictly with the statutory notice requirements in this case renders the tax deed void.
The requirements of § 197.256(1), Fla. Stat., open the door for confusion and inequity. Until such time as this may be corrected by the legislature, we recommend that the clerks of the circuit courts send the notice to the most current address shown on the tax rolls in addition to the address shown on the conveyance.
REVERSED.
MILLS, C.J., and WENTWORTH, J., concur.