KLEIN, Judge.
Appellees owned a piece of property on which the taxes had not been paid for several years, and appellant obtained ownership through a tax deed. The appellees brought this action to set aside the tax deed on the ground that they had not received proper notice, and the trial court set the deed aside. We affirm.
In 1968 an executor’s deed was recorded reflecting that the property was owned by the appellees Janice Fay Underdown Auxier, Patricia Ann Underdown Smith, and their mother, Charlotte Underdown, who later died. The property, which is now owned entirely by the appellees, is subject to a ninety-nine year lease and is being used as a parking lot.
Section 197.522(l)(a), Florida Statutes (1993) provides the notice which must be given to an owner in this ease:
197.522 Notice to owner when application for tax deed is made.-
(l)(a) The clerk of the circuit court shall notify, by certified mail with return receipt requested or by registered mail if the notice is to be sent outside the continental United States, the persons listed in the tax collector’s statement pursuant to s. 197.502(4) that an application for a tax deed has been made. Such notice shall be mailed at least 20 days prior to the date of sale. If no address is listed in the tax collector’s statement, then no notice shall be required.
*780 Section 197.502(4)(a) provides that the notice must be sent to “[a]ny legal title holder of record if the address of the owner appears on the record of conveyance of the lands to the owner.”
In the present case, the appellees were not given notice as is required by the above statutes. The deed which was recorded reflected the full names of the owners individually and a mailing address in Indiana. The notice, however, was mailed to:
Underdown Smith & Auxier
MJP & JCW Inc. Lessee
3365 N Fed Hwy
Ft Lauderdale, FL 33306
MJP & JCW Inc. is the lessee of the property-
We need not decide whether the use of the last names of the three owners in a form which would make it appear to be a partnership was sufficient, or whether the Fort Lauderdale address was sufficient in light of section 197.502(4)(a), because the 'notice in this case was clearly defective in that only one notice was sent. On all fours is Alper v. LaFrancis, 155 So.2d 405 (Fla. 2d DCA 1963), in which one notice was sent in an envelope addressed to the husband and wife, for property which they owned as an estate by the entirety. The court held that a single notice addressed to both owners was insufficient under the statutes, and that separate notice to each owner was required. See also Montgomery v. Gipson, 69 So.2d 305 (Fla.1954) (holding that a notice of application for a tax deed to property held as an estate by the entirety is insufficient if mailed to only one of the spouses).
The appellant argues that the current statutes do not require multiple envelopes to be sent where there are multiple owners; however, the predecessor statutes involved in Alper and Montgomery contained no such requirement either. Our supreme court observed in Montgomery that the consequences of failing to pay taxes “are drastic enough as it is,” when it interpreted the statute to require a separate notice to each spouse. 69 So.2d at 306. Where, as here, the owners are not a married couple who own as tenants by entirety, and are thus less likely to be residing at the same address, there is all the more reason to require notice to each owner.
We therefore affirm.
WARNER, J. and BARR, ROBBIE M., Associate Judge, concur.